## City of Allentown *versus* Grim.

109    113
37SC   1111

1. The mistake of a date, in the formal approval by the mayor of an ordinance of councils, where such mistake was accidental and prejudiced no one's rights, and where all the other requisites of a valid ordinance were complied with, will not affect the validity of the ordinance.

2. An ordinance was passed by the select and common councils of a city of the third class, and was signed by the mayor, who affixed his signature, and by mistake affixed a date prior to the passage of the ordinance by the select council. A suit being entered by the city to collect a tax imposed by said ordinance:

    *Held,* that even if the approval was invalidated by reason of the mistake in the date, the validity of the ordinance would be sustained on the ground that the mayor had not disapproved it and returned it to councils with his objections within fifteen days after its passage, and that therefore it had become a law.

February 20th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, and CLARK, JJ. STERRETT, and GREEN, JJ., absent.

ERROR to the Court of Common Pleas, of *Lehigh county:* Of January Term, 1885, No. 322.

This was a *scire facias sur* municipal lien, filed by the City of Allentown (a city of the third class, under the Act of 1874, dividing cities into classes) against Ephraim Grim, for the cost of laying water mains on Hamilton street in said city, along the front of the defendant's property. Pleas, *nil debet*, *nul tiel* record, payment with leave, etc.

On the trial, before HAGENMAN, P. J., of the twenty-third judicial district, defendant put in evidence the ordinance book and journals of councils to show that the ordinance under the authority of which the pipes were laid was passed by the common council January 2d, 1883, and by select council, January 16th, 1883, but the mayor, in affixing his signature of approval, had dated it January 10th, 1883.

Plaintiff offered to prove in rebuttal that the mayor had signed the ordinance in question after its passage by both branches of councils. Objected to by defendant. Objection sustained. Evidence excluded.

The court held the ordinance invalid, and directed a verdict for defendant. (Fourth assignment of error).

Verdict and judgment accordingly for the defendant. Whereupon the plaintiff took this writ, assigning for error, *inter alia*, the action of the court in directing a verdict for defendant.

*A. P. Crilly.* city solicitor and *R. E. Wright, Jr.*, for plain-
13 OUTERBRIDGE—8

tiff in error.—Parol evidence is admissible in cases of plain mistake in drawing a writing: Christ *v.* Diffenbach, 1 S. & R. 463; Caulk *v.* Everly, 6 Whar., 303; Morrison *v.* Morrison, 6 W. & S., 516; Bollinger *v.* Eckert, 16 S. & R., 422; Gower *v.* Sterner, 2 Whar., 75; Chew *v.* Gillespie, 6 P. F. S., 309.

The ordinance became a law by virtue of the mayor's failure to veto it, independently of his signature: Act 23d May, 1874, Purd., p. 1904, pl. 10.

Erroneous records may be amended: Dillon on Municipal Corporations, §§ 232, 234, 238; Welles *v.* Battelle, 11 Mass. 481; Cass *v.* Bellows, 11 Foster, 501; Harris *v.* School District, 8 Id. 58.

The effect of the ruling of the court below would be to give the mayor an effectual mode of killing an ordinance in a way, not provided by law, which is not permissible: Speer *v.* Plank Road, 10 Harris, 376; Wartman *v.* Philadelphia, 9 Casey, 202.

*Edward Harvey*, for defendant in error.—Parol evidence is inadmissible to change, alter or vary the records of councils and the ordinances of the city: Howlett *v.* Holland, 6 Gray, 418; Chamberlain *v.* Dover, 13 Me., 466; Durfey *v.* Hoag, 1 Aikin, Vt., 286; Boston *v.* Pomfret, 20 Conn., 590; Taylor *v.* Henry, 2 Pick., 397.

It may be necessary and admissible in some instances, particularly when an Act becomes a law by not being either signed or returned with objections, to carry back the inquiry to legislative journals. But it would be unsafe, as it would be unfit, to allow the commencement of a public law, whenever the question may arise, to depend on the uncertainty of parol proof, or upon anything extrinsic to the law and the authenticated recorded proceedings in passing it. *In re* Welman, 20 Vt., 656.

Mr. Justice TRUNKEY delivered the opinion of the Court, March 23d, 1885.

To defeat the plaintiff's recovery the defendant adduced the Ordinance Book wherein is recorded the ordinance empowering the Board of Water Commissioners to lay the water main. He also gave in evidence the journals which show that the ordinance was finally passed by the common council on January 2d, 1883, and by the select council on the 16th day of the same month. In proper order the ordinance was signed by the president and clerk of each branch of the council, and following their signatures is indorsed: "Approved January 10th, 1883, E. G. Martin, Mayor." No oral evidence was offered to show that the ordinance had not been duly passed by councils before it was presented to the mayor for his approval, and all

testimony offered by the plaintiff to show that the approval was subsequent to the final action of the select council, upon the defendant's objection, was excluded.

That the ordinance was legally passed by both branches of council, and was presented to the mayor and approved by him, affirmatively appears. Allentown is a city of the third class, and the statutory provisions relative to legislation by cities of that class, were complied with to the exactness of their letter. No requisite was omitted. The mayor ought to have affixed the date of his approval and in attempting to do so inserted a false date, but the statute does not expressly require him to affix the date. After he had approved the ordinance there was nothing to be done by the councils to give it validity. Had he not approved it, nor returned it to councils with his objections, it would have become valid under the 29th section of the Act of May 23d, 1874, which provides that "every ordinance which the mayor shall not return within fifteen days shall have the same force and effect as if it had been approved by the said mayor."

The journals taken in connection with the ordinance reveal a mistake in the date of approval, not illegality or irregularity in the procedure. Had the mayor approved without writing any date would the mistake have been fatal? If the date as written be obviously false, is not the effect the same as if none were written? When the ordinance is approved it need not be returned to councils, for upon approval it becomes a law. If neither approved, nor returned to councils with his objections, within fifteen days, it shall have force as if approved. Then if the approval be without date, or with a date manifestly untrue, in absence of legal evidence of its true date, why should not the ordinance be deemed in force from the expiration of the fifteen days during which the mayor could hold it under advisement? No presumption could be made that it was subsequently approved. Where the mistaken date is patent and not prejudicial to any public or private interests, there is no reason why it should destroy the ordinance. The interpretation or construction is unaffected by the erroneous date. The only question that might arise, affecting the city or individuals, is when the ordinance became operative, or took force and effect.

A statute which provides that appeals from the decisions or orders of two justices, shall be decided on the facts and merits only, has been held to apply to appeals from the judgment of one justice, on the ground that the word "two" was inserted by mistake which plainly appears from the whole tenor of the Act: Comfort v. Leland, 3 Whar., 81. A strict adherence to the letter would have thwarted the legislative intent. With

[Moreland Twp. *v.* Gordner.]

like good reason an ordinance should not be nullified by sticking to an obviously false date.

The fourth assignment of error is sustained. It is, therefore, unnecessary to consider the questions presented in the other assignments.

Judgment reversed, and <em>venire facias de novo</em> awarded.