# Watson et al. *versus* City of Philadelphia, to use of Adams.

93  111
130  466
93       111
21 SC  ²458

1. Where in a contract for paving there has been a substantial compliance with the requirements of the ordinance under which the contract was done, as to the width of the pavement, and the city has accepted the work as satisfactory, the owners have no cause for complaint, and cannot resist the recovery of the assessments to pay for the work, on the ground that there were slight inequalities in the width of the pavement.

2. The Act of March 11th 1846 makes such claims prima facie evidence of all matters contained therein; and where the claim contains an averment that the requisite notice was given, it is prima facie evidence of notice.

February 2d 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

[Watson *v.* City of Philadelphia.]

Error to the Court of Common Pleas, No. 4, of *Philadelphia county:* Of January Term 1877, No. 77.

Scire facias by the city of Philadelphia to the use of Francis S. Adams against George N. Watson and B. S. Hunt, executors of John H. Jones, deceased, and William H. Kern, owners, on a municipal claim on the front of defendants' corner property on Market street, Philadelphia.    The defendants pleaded no lien, nil debet, payment with leave, set-off, &c.

The lien filed set forth merely the names of plaintiff and defendant; description of the property, number of square yards of paving and the price.    An amendment was afterwards filed, alleging that due notice had been given to the owners to pave, their neglect so to do, and that the work had been done in accordance with the Acts of Assembly and ordinances.    At the trial of the case the plaintiff's counsel read in evidence the ordinance of May 1872 (Ordinances of 1872, pp. 201–2), authorizing the cartway of Markoe street to be paved; the ordinance of May 3d 1855, sect. 3 (Ordinances of 1855, pp. 141–2), prescribing that where the cartway of a street has been ordered to be paved it shall be lawful for the chief commissioner of highways to notify the owners of property to pave the sidewalk, and if within twenty days that is not done the city can then proceed to pave, and further prescribing that in streets over forty feet wide, and in front of unimproved property, the sidewalk should be paved at least eight feet wide. The plaintiff then closed, and the defendants moved for a nonsuit on the ground that plaintiff had proven neither the notice to pave nor the fact that the pavement was eight feet wide.    The court refused the motion.    Defendants then showed that neither of them had ever received the notice to pave this lot; that the pavement was not eight feet wide, averaging but seven feet four inches The plaintiff, in rebuttal, called a clerk in the highway depart ment, who testified that the book in which were the certificates of notice to pave had been lost; that he had made diligent search for it but could not find it.

Plaintiff then offered to prove that the said book contained a certificate that notice had been served on the owners of the property, and that said certificate in said book was signed with the name of P. C. McGinley, who was, at the date of the certificate, the supervisor, but was then deceased.    Defendants objected, but the court overruled the objection.

The defendants submitted, inter alia, the following points, both of which the court refused:

" 3. If the jury believe that the street was over forty feet in width, and that the sidewalk was not paved at least eight feet wide, there can be no recovery, and the verdict must be for the defendants."

[Watson v. City of Philadelphia.]

" 5. There has been no proof that notice was given to the owners of the property, and the verdict must be for defendants."

In the general charge, the court, Thayer, P. J., inter alia, said: " If there was no notice served upon the owner or owners of the property, and they could be found by the supervisor, Mr. McGinley, then the plaintiff cannot recover. * * * In answer to the defendant's third point, I can only repeat what I have said in my charge, that there must be a substantial compliance with the ordinance as to width of pavement or the plaintiff cannot recover. They must comply with the requirements of the law. If they should put down a pavement only three or four feet wide, of course that would plainly not be a compliance. If there has been an immaterial variance, and the city has accepted the work, the plaintiff can recover. There were, according to the evidence, some small variations. In some places the pavement seems to have been a little more than eight feet wide, and at some points a little less— a few inches. The city solicitor, an officer of the city, has passed judgment upon this, and by joining in filing the lien has accepted the work. If there has been an immaterial variation, and the work has been accepted by the city, the plaintiff can recover. I refuse to affirm defendants' last (5th) point."

The verdict was for plaintiff, and after judgment thereon, defendants took this writ, and alleged that the court erred in refusing to enter a nonsuit and in the answer to defendants' points.

*E. M. Hunt*, for plaintiffs in error.—The court was asked to charge that the plaintiff could not recover unless the jury found as a fact that the pavement was "at least eight feet in width;" the very words of the ordinance: Kensington v. Keith, 2 Barr 218; Potter's Dwarris on Statutes 223, n. 29. The court charged that if there was a "substantial compliance" with the ordinance, this was sufficient, instead of affirming the point unqualifiedly. Of all proceedings in which every step must be sure and exact, every link complete, that of taxing private property for public improvements requires this the most imperatively. The *only* "substantial compliance" was the compliance required by law—" at least eight feet in width." Seven feet does not meet the requirement in principle any more than one foot. There is no discretion or variation allowed. It is not deemed necessary to refer to all the decisions of this court, holding that all the conditions must be fully complied with before the lien can attach. The position is admirably stated in Wilson v. Allegheny City, 29 P. F. Smith 278; Reed v. Erie, Id. 353.

*Henry C. Terry*, for defendant in error.—There is a long line of decisions against the contention of plaintiffs in error. The claim is evidence of the facts stated in it—that is, of the notice to

12 NORRIS—8

plaintiffs to pave the footway within twenty days, their failure to do so, of the authority of the equitable plaintiffs below to do the work, &c. : Act of 1846, sect. 4, Pamph. L. 115 ; Thomas *v.* Northern Liberties, 1 Harris 117 ; Wistar *v.* Phliadelphia. 3 Grant 311; City *v.* Burgin, 14 Wright 545; Act of April 19th 1843, Pamph. L. 29 ; Brinton *v.* Perry, 1 Phila. R. 436 ; City *v.* Lea, 9 Id. 106, affirmed in S. C. ; City *v.* Brooke, 8 Leg. Gaz., p. 81; s. c. 31 P. F. Smith 23 : City *v.* Collom, 1 W. N. C. 525; City *v.* Gratz Land Co., 2 Wright 359 ; Hammett *v.* Philadelphia, 15 P. F. Smith 146, cited as to requisites of claims.

The conflict of the testimony as to width doubtless arose from the fact of the lot being angular. Where the lines run in so many courses as in the present case, it is impossible that all measurements of the pavement should show an exact width of eight feet. All that was intended by the ordinance, the court gave the jury to understand, was that the city was compelled to furnish a pavement substantially of the width of eight feet, and the jury have so found.

Mr. Justice PAXSON delivered the opinion of the court, March 1st 1880.

This was a scire facias upon a city claim for paving a sidewalk. There was no allegation that the work was not well done ; on the contrary, one of the defendants testified that it was done properly, and that he wanted to pay for it. Payment, however, was resisted on behalf of one of the joint-owners upon two grounds : 1. That the pavement was not laid of the full width required by the ordinance, and 2. That there was no proof the owners had been previously notified to pave by the city authorities.

It was not disputed that under the ordinances of councils this sidewalk should have been paved to the width of eight feet. The evidence as to the width of the pavement varied somewhat. Mr. Hancock, the surveyor and regulator of the district, testified as follows : " This was a very good job ; both edges of the pavement had brick on edge. I measured north line of pavement ; it is more on curb. On the upper end it measured eight feet two inches, making necessary allowance; it is undoubtedly an eight-feet pavement there. The lower end now averages seven feet eight inches, and the other end eight feet two inches. If curb be added, it is eight feet seven inches." Under this and other evidence of a similar character, though differing slightly as to width, the learned court submitted to the jury the question whether there had been a substantial compliance with the ordinance, saying, in answer to the defendants' third point : " I can only repeat what I have said in my charge, that there must be a substantial compliance with the ordinance as to the width of the pavement, or the plaintiff cannot recover. If there has been an immaterial variance, and the city

[Watson *v.* City of Philadelphia.]

has accepted the work, the plaintiff can recover." We see no error in this instruction. It was for the jury to say whether the plaintiff had complied with the ordinance, and under all the circumstances that question was fairly submitted to them. This lot appears to have been angular in shape, and it is quite possible some of the slight inequalities in the width of the pavement may have been due to this fact. There was evidently an intention to conform to the ordinance in good faith, and the jury have found a substantial compliance. It was the duty of the owners to have paved the sidewalk. It was their neglect of this duty that compelled the city authorities to procure it to be done by contract. The plaintiff having contracted with the city to do the work, the city having accepted the work as satisfactory, and the jury having found there was a substantial compliance with the ordinance, the defendants have no cause of complaint. It is not alleged they are charged with more pavement than was laid.

The question of notice is unimportant. The claim contains an averment that the requisite notice to pave was given. The Act of Assembly makes such claims prima facie evidence of all matters contained therein. See Act of 11th March 1846, Pamph. L. 114, and Thomas *v.* Northern Liberties, 1 Harris 117 ; City *v.* Burgin, 14 Wright 539; Philadelphia, to use, *v.* Brooke, 31 P. F. Smith 23. The defendant's evidence upon this point did not overcome the plaintiff's prima facie case. The executors could not know whether notice had been served upon their testator. The other defendant does not appear to be contesting. At any rate, he said that as to him the notice would probably have been served upon his agent, Mr. Maugle. The latter testified that he had never to his knowledge received notice to pave this lot, but acknowledged that a notice, of the character of which he was unable to speak, had been left some time before the work was done. There was nothing in the evidence of the defendants to call for anything in rebuttal on the part of the plaintiff. This renders it unnecessary to consider the third assignment of error. The admission of the evidence therein referred to, even if erroneous, as to which no opinion is expressed. did the defendants no harm.

Judgment affirmed.