## ERIE CITY, FOR USE, v. M. J. BUTLER.

ERROR TO THE COURT OF COMMON PLEAS OF ERIE COUNTY.

Argued April 24, 1888—Decided May 14, 1888.

1. When, under the laws and its ordinances, a city enters into a contract for the paving of a street, the contractor to receive in payment an assignment of the assessment bills with the right to use the city's name in filing liens against abutting owners, the latter are not precluded from making defence upon the character of the work done because they are not nominal parties to the contract.
2. It is a fatal defect in an affidavit of defence, to refer therein to a material paper, which is accessible, without annexing a copy thereof, that the court may judge of the legal import of its terms.
3. An affidavit of defence which is evasive in its averments, expressing opinions and conclusions unsupported by specific statements of facts, is insufficient to prevent judgment for the plaintiff.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 26 January Term 1888, Sup. Ct.; court below, No. 126 May Term 1887, C. P.

On April 6, 1887, a scire facias issued sur a municipal claim in favor of Erie city, for the use of the Barber Asphalt Paving Co. v. M. J. Butler, owner or reputed owner, to recover assessments for the paving of Eighth street. It appeared that on July 20, 1886, the Barber Asphalt Company entered into

a written contract with the city of Erie to pave said street with an asphaltum pavement, at a price and according to specifications contained therein, the contractor to receive in payment an assignment of the assessments, with the city's right of lien therefor, against abutting owners, for all except crossings, which were to be paid for by the city. The company commenced the work on August 2, 1886, and completed it on October 23, 1886.

At the return day of the writ the defendant owner appeared and filed an affidavit of defence averring:

The real plaintiff, the Barber Asphalt Paving Company, to secure the contract for laying said pavement on Eighth street in said city of Erie, and to induce deponent and other owners of lots on said street to sign petitions to city councils, by its agent and manager, one C. O. Warren, represented to many lot owners along said street, and it was stated to deponent by G. D. Fassett, who obtained deponent's signature to said petition, and said Warren caused it to be generally understood and believed, that the cost of said pavement should not and would not exceed two dollars for each square yard; that deponent would not have signed said petition but for this representation so made by said Warren, and the belief and reliance of deponent on the same; that in fact the amount now claimed by plaintiff is over three dollars per yard, and more than thirty-three per centum above the cost stated by said C. O. Warren, agent of said Barber Asphalt Paving Company, to induce signatures to said petitions.

That there was no competition for said work of laying said so-called asphalt pavement, but that the said plaintiff secured the contract for the same at its own price from the city authorities.

That, as will appear from the entire transaction, and as deponent believes he can prove, it must have been, and was, well known to the said Barber Asphalt Paving Company, as well as to the authorities of the city of Erie, that there was, in fact, no legal power or right in said city to levy and collect assessments for the said proposed pavement, and a much larger price was agreed upon for this reason; that the said price is not only largely in excess of the cost, as represented by said Fassett and others, by said Warren that it would be, but it is unconscionable and extortionate.

That, by the terms of the contract made between said Barber Asphalt Paving Company and the said city of Erie, it was, among other things, expressly stipulated as follows: "And it is expressly agreed and understood that the city of Erie shall not be liable for the payment of any part of the cost of said pavement, except street intersections, whether said assessments shall be collected or collectible from the property owners or not, save as to actual amounts received by the city treasurer from the property owners to apply on such assessments; but the contractor may, at his own expense, file municipal liens in the name of the city of Erie, for his use, against the property assessed, if he so desires."

That, by the stipulations and specifications of said contract, the so-called asphalt was agreed to be laid on a foundation of concrete.

That the most essential part of said pavement is the foundation, it being indispensable to the permanency and value of the same that the material of such foundation should be a real and substantial concrete, coalescing into a solid mass, so as to become hard and to make a solid bed, thoroughly bound; but that in fact the material used for said bed or foundation was a poor and inferior stuff, wholly unfit for the purpose for which it was used, being soft and incapable of hardening into a solid mass, or of making a good and proper foundation, as provided for in said contract.

That it was further provided by said contract that all of said work was to be well done, and with good materials, and to be subject to the inspection and approval of the city engineer, but that deponent has been unable to find any record in the proper office showing such approval by said city engineer.

That, in consequence of said omissions and the poor and inferior quality of said material, the said pavement is not in accordance with the contract stipulations aforesaid, but was poorly and cheaply done, in a careless, slovenly and inferior manner, and is not worth the price sought to be collected for the same; and it would be a wrong and oppression upon deponent to compel him to pay for said pavement.

That, during the progress of said work, the improper and inferior manner in which it was being done attracted public attention, and a written protest, signed by a large number of

lot owners was presented to said C. O. Warren, the agent and manager of said Barber Asphalt Paving Company, the same having the signatures of thirty-eight lot owners, and being served on said Warren on October 23, 1886, but that no attention was paid thereto by said Warren or said Barber Asphalt Paving Company.

That no proper care or attention was paid by said Barber Asphalt Paving Company to preparing the ground for said pavement; that it was not rolled and packed down as it should have been and as was required by said specifications, and so loose and soft was the earth where the concrete, or substitute for concrete, was placed thereon, that in a very few days numerous places in said pavement sank so that large patches had to be, and were, cut out and replaced in order to attempt to render the said street passable and apparently level and even for the time being.

That deponent is advised and believes that, under the particular facts and circumstances as herein set forth, his defences arising from matters of fact, as stated, should be available, and will be available, as a defence to this suit, as against the real plaintiff, the said Barber Asphalt Paving Company, as well as against said city of Erie, the nominal plaintiff.

And deponent further says that the facts herein set forth are true and are in part from his own knowledge, and in part from information received from other persons, but all of which he will be able to prove, if permitted, on the trial of the case.

A rule was taken for judgment for want of a sufficient affidavit of defence, and after argument thereof, on May 24, 1887, the court, GUNNISON, P. J., filed the following opinion and order:

It has been well established that in actions upon municipal liens for the cost of street improvements, in which the city is the real and only plaintiff, the property owner cannot set up as a defence the failure of the contractor for the work to perform his part of the contract according to its terms. But, when the contractor is a party to the action, being the use and real plaintiff, and the city has no interest in the suit, and is not liable to the contractor for the cost of the improvement, as in this case, a failure on his part to perform the contract in

any material respect. is a sufficient defence. Whether there has been such failure is, of course, a question of fact for the jury to determine: Watson v. Philadelphia, 93 Pa. 111; Pepper v. Philadelphia, 114 Pa. 96.

In the latter case it was said: "Contracts lawfully made are binding upon the land owners, although injudiciously made; but the owners are entitled to have such contracts performed substantially in all things, acccording to the terms, and the authorities have no power to dispense with such performance, to the gain of the contractor and the loss of the property owner." It must follow, too, that the approval of the city engineer, who is selected by the city and the contractor, without the consent of the property owner, to inspect and approve the work and material, cannot bind him if there is, in fact, a substantial failure to perform the contract.

But it is claimed by the plaintiff that the affidavit filed in this case does not set out the defence with sufficient particularity; that the allegations contained in it are conclusions of law, and that the facts necessary to enable the court to judge as to the correctness of those conclusions, are not set out.

While it is undoubtedly true that the affidavit should set out the facts relied upon as a defence with reasonable particularity, and not in general terms, I do not think the same particularity can be required in actions of this kind that is required in ordinary actions ex contractu; as in actions in assumpsit, for example, which are founded upon contracts that are entered into by the defendant, and concerning the facts and circumstances of which he is usually thoroughly cognizant. The defendant here could not have the full information and knowledge that he would have, concerning his individual contracts and transactions. He was not a party to the contract, which was between the city and the contractor. He could not know the nature of or the proper proportion of the several ingredients which entered into the material which composed either the concrete foundation or the asphalt covering of the pavement. He had absolutely no control of the work as it progressed, and if he had, must have acted on the good faith of the contractors, who were experts, in using proper materials and in doing the work properly.

He sets out in his affidavit that the contract provided that

the asphalt should be laid on a foundation of concrete: "That the most essential part of said pavement is the foundation, it being indispensable to the permanency and value of the same that the material of such foundation should be of real and substantial concrete, coalescing and hardening into a solid mass, so as to become hard and make a solid bed, thoroughly bound; but that in fact the material used for said bed or foundation was a poor and inferior stuff, wholly unfit for the purpose for which it was used, being soft and incapable of hardening into a solid mass, or making a good and proper foundation, as provided for in said contract." If the defendant had the means of information as to the exact nature and proportion of the several materials used in the concrete foundation, he might well be required to set them out; although, even then, it might be doubtful whether the court could determine whether they were the materials contemplated by the contract, and whether the facts set out constituted a sufficient defence. The material facts alleged are that the contract required that the bed be of concrete which would harden into a solid mass, and that it was not of that character, and that the materials used were incapable of forming a bed of that character.

The affidavit of defence rule is a valuable one in preventing unreasonable delay in the disposition of cases in which there is no meritorious defence, but it should not be applied with such technicalities as will deprive a defendant of the benefit of a meritorious defence, which is substantially set out, although not with all the precision required by special pleading. "An affidavit of defence is not to be framed with the technical accuracy of formal pleadings, nor subject to the severe scrutiny which a fine critical skill may exercise, but must exhibit all the elements of a substantial defence:" Kaufman v. Cooper Iron Co., 105 Pa. 537.

I think this affidavit meets the requirements as there laid down. It sets out facts which, if proved, will defeat the plaintiff's action, and which, although not set out as particularly as might be desirable, do sufficiently allege a substantial defence, which ought to be passed upon by a jury.

The rule is discharged.

Thereupon the plaintiff took this writ, assigning the said order as error.

*Mr. F. F. Marshall* and *Mr. T. A. Lamb*, for the plaintiff in error:

1. . When the defence set up involves an issue of fact, the affidavit must state facts—all the necessary facts to constitute a substantial defence. General averments of matters which are legal conclusions from facts not stated are insufficient: Kaufman v. Mining Co., 105 Pa. 541; Sterling v. Insurance Co., 32 Pa. 75; Stitt v. Garrett, 3 Wh. 282; McCracken v. Church, 111 Pa. 106. What is not stated in an affidavit of defence must be taken not to exist: Kaufman v. Mining Co., supra; Bardsley v. Delp, 88 Pa. 420; Lord v. Ocean Bank, 20 Pa. 387; Vulcanite Paving Co. v. Phila. Traction Co., 115 Pa. 280. Where portions only of a contract are set forth, or referred to, and the whole is not set forth, it is a sufficient reason to grant judgment: Lucas Coal Co. v. Hunt, 7 Cent. R. 147.

2. The affidavit of defence in this case, made on June 6, 1887, more than seven months after the pavement had been finished and used by the public, does not purport to be to the whole of the plaintiff's claim, but expressly states that the work has been done. It does not allege that it is worthless, but claims that the price is extortionate and excessive. It does state that the work was done under a contract between the city and the asphalt paving company, subject to the inspection and approval of the city engineer, but it fails to set forth the contract that the court might see and judge of its terms.

3. Municipal authorities in the making of street improvements, authorized by law to be made at the expense of the owners of lands to be benefited thereby, are, to a certain extent, the agents of such owners. Contracts lawfully made at the discretion of the authorities are binding on the land owners, though injudiciously made, but the owners are entitled to have such contracts performed substantially in all things according to their terms: Pepper v. Philadelphia, 114 Pa. 96; Vulcanite Paving Co. v. Phila. Traction Co., 115 Pa. 280.

*Mr. Wm. A. Galbraith* (with him *Mr. J. W. Galbraith*), for the defendant in error:

1. If the averments of the affidavit are true, it is evident

that the defence goes to the whole demand of the plaintiff and that no recovery ought to be had. It is not a case where there has been such a partial failure, with compliance as to other portions, that a defence could properly be made as to the omitted work or materials, and an offer made to pay for the remainder.

2. It is not necessary that an affidavit of defence be drawn with so much nicety as to meet every objection or argument against the defendant's case, which fine critical skill can adduce, and so that no critical skill can suggest an objection. If it sets forth substantially a good defence, it should be supported: Hugg v. Scott, 6 Wh. 274; Thompson v. Clark, 56 Pa. 33; McPherson v. Allegheny N. Bank, 96 Pa. 135. It is sufficient when the affidavit covers with reasonable precision and distinctness and with certainty to a common intent, facts which will constitute a defence: Moeck v. Littell, 82 Pa. 354; Twitchell v. McMurtrie, 77 Pa. 383; Kaufman v. Mining Co., 105 Pa. 537.

3. The statute authorizing writs of error to be taken when the court refuses to enter judgment on the ground of the sufficiency of an affidavit of defence, was intended to reach only clear cases of error in law and thus prevent the delay of a trial. Its effect is often to produce two writs of error, instead of one. Such writs should be confined to doubtful cases: Griffith v. Sitgreaves, 81* Pa. 378.

4. The real parties here, are the contractor, on the one hand, and the lot owner, on the other. It is not the case of the city becoming liable to and paying the contractors in the first instance and then collecting from the lot owners afterwards. In such case, the acceptance by the city would be conclusive, but entirely otherwise, we think, in such a case as that now here presented: Watson v. Philadelphia, 93 Pa. 111; Pepper v. Philadelphia, 114 Pa. 96.

OPINION, MR. JUSTICE PAXSON:

This was a scire facias sur municipal lien for paving. The city of Erie entered into a contract with the Barber Asphalt Paving Company to pave Eighth street in the city of Erie, the city in no event to be responsible for the cost of said paving except at intersections; the contractor to be at liberty to use

the name of the city in filing claims against the owners of property abutting on said street, and to collect the cost of said paving from them. This we gather from the statements in the paper books; the contract is not printed.

The defendant is an owner of property on the street in question, and has filed an affidavit of defence in which he avers that the work was not well done nor according to contract, and that the price charged is extravagant and greatly in excess of what he was told the work would cost when he signed the petition to councils asking that the street should be paved.

When work of this kind is done by contract with the municipal authorities, the said authorities paying therefor and then collecting the same from the property owners either directly or by allowing the contractor to use the name of the city, and the work is accepted by the city authorities, it is at least doubtful whether a defence of this kind could be set up. This was conceded by the learned counsel for the defendant. In the case in hand, the city is under no liability whatever. The real plaintiff is not the city, but the contractor. In Pepper v. Philadelphia, 114 Pa. 96, it was said: "But in this state, where by the laws and ordinances the contractor receives the assessment bills in payment from the city, and it turns out that his work was so defectively done as to be worthless, he has no just right to recover in an action against the property owner, and the latter is not precluded from the defence because he is not a nominal party to the contract. If the work was substantially done as contracted for, answers the intended purpose, but in some minor particulars which do not materially affect its usefulness the contractor failed, then the property owner may have a deduction for such failure. This is not the case of a municipality contracting for a public improvement, accepting it, and making payment therefor absolutely, and afterwards itself collecting the assessments; and it is unnecessary to consider whether in that case the property owner could allege defective work as a matter of defence against the tax." In Watson v. Philadelphia, 93 Pa. 111, it was held that a substantial compliance with the contract was sufficient to entitle the contractor to recover.

The affidavit of defence is rich in adjectives and meagre in facts. It refers to the contract between the city and the

Barber Asphalt Paving Company, but no copy thereof is annexed, and we are not informed of its terms, excepting to the extent that the defendant has furnished us with his construction of it. Nor is any reason given for this omission. It is presumed to be on file in the proper office, accessible to every one who wants to see it. This is a fatal defect. Where, in an affidavit of defence, reference is made to a paper, a copy must be annexed in order that the court may judge of its legal effect.

The affidavit states that the work was to be approved by the city engineer; it does not state that it was not so approved; it merely says "that deponent has been unable to find any record in the proper office showing such approval by said city engineer." This is an evasive averment and might as well have been omitted. It has no force.

The affidavit alleges that the contract called for a concrete foundation for the pavement. It then avers, "That in fact the material used for said bed or foundation was a poor and inferior stuff, wholly unfit for the purpose for which it was used, being soft and incapable of hardening into a solid mass, or of making a good and proper foundation, as provided for in said contract." This is a mere opinion or conclusion of the defendant, expressed with sufficient confidence, but wholly unsupported by any facts. What was this "poor inferior stuff" to which he alludes? Surely he could have told us. It was put down in front of his own door; he must have seen the work going on every day; and if he cannot tell us what it was he can hardly expect us to take his opinion as to its quality.

All that the defendant is called upon to pay for, is the pavement in front of his own property. He does not allege any special defect in this portion of the work, except in his reference to the work on the street generally. And it is to be noticed that the pavement had been laid months before the affidavit of defence was filed; it had stood the test of a severe winter, and there is not a word as to the condition of the street at the time the defence was taken. It is his mere opinion of the work at the time it was done. And there is no averment that the pavement is not now such as to be reasonably satisfactory, and capable of being used for the purpose for which it was intended. And while it is stated the work was not worth the price charged,

we are not informed as to what it is worth. As was said in Pepper v. Philadelphia, supra, "All he (the defendant) was entitled to under the evidence was a deduction from the contract price, if the jury found defects which lessened the value of the pavement." The defendant is seeking to evade all contribution whatever to the expense of this work, upon an allegation that the contractor has not fully complied with its contract with the city, where the city makes no such allegation, without furnishing us with a copy of the contract, so that we can see just what the contractor agreed to do.

We are of the opinion that the affidavit was insufficient and that the plaintiff was entitled to judgment.

The judgment is reversed, and it is ordered that the record be remitted to the court below, with direction to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown why such judgment should not be so entered.

It is further ordered that a similar judgment be entered in the cases Nos. 27, 28, 29, 30, 31, 32, and 33 of January Term, 1888.*

---

* Seven other like cases argued with this.