is not to disturb defendant's custody" and awarded the two children to her.

Notwithstanding the serious type of respondent's mental disorder there is support for the validity of the conclusion of the lower court in *Com. ex rel. Edinger v. Edinger,* 374 Pa. 586, 98 A. 2d 172.

Order affirmed.

---

DISSENTING OPINION BY RHODES, P. J.:

This Court, under the Act of Assembly, "shall consider the testimony and make such order upon the merits of the case, either in affirmance, reversal, or modification of the order appealed from, as to right and justice shall belong." Act of July 11, 1917, P. L. 817, 12 PS §1874.

On the record before us, I cannot say that the action of the court below is either right or just. Therefore, being unable to concur in the order of this Court, I dissent.

GUNTHER, J. joins in this dissent.

Philadelphia, to use, *v.* O'Brien (et al., Appellant).

236

Argued March 18, 1954. Before Rhodes, P. J., Hirt, Ross, Gunther, Wright, Woodside and Ervin, JJ.

The facts are stated in the opinion, by Crumlish, J. of the court below, as follows:

This matter came before us on plaintiff's Rule for Judgment for want of a sufficient Affidavit of Defense. We dismissed the rule because it was not clear that plaintiff was entitled to summary judgment.

The law is that summary judgment on the pleadings should be entered against the defendant only when the answer *clearly* presents no meritorious defense. *Cummings v. Middlebury Township School District*, 79 D. & C. 20 (1951). Summary judgment may be entered only when the case is free from doubt. *Vrabel v. Scholler*, 369 Pa. 235 (1952). See also: *Tide Water Associated Oil Co. v. Kay*, 168 Pa. Super. Ct. 263 (1951). In *Lepore v. Italian Victory B. & L. Association*, 171 Pa. Super. Ct. 35 (1952), the rule is stated thus, at page 38: "To sustain a judgment on the pleadings they must present a case clear and free from doubt

and every doubt must be resolved against the entry of such judgment." (Citing cases.)

In addition, such a motion is to be treated as a demurrer, and all material averments of fact by the opposing party must be accepted as true. *London v. Kingsley*, 368 Pa. 109 (1951). After a consideration of the facts and law involved in this case the reason for the court's dismissal of the rule should be apparent.

On September 25, 1946, the City of Philadelphia passed an ordinance authorizing the paving of 63rd Street from Woodbine Avenue to City Avenue, providing further that the contractor was to collect part of the cost from the abutting property owners.

On April 27, 1953, after the paving was completed, a Sci. Fa. sur Municipal Lien was issued by the city against defendants to the use of Union Paving Co., to use of Lewis Bokser, to use of Central-Penn National Bank, claiming $238.92 for the paving of the cartway of premises 2047 North 63rd Street.

Defendants then filed an affidavit of defense, which we will consider below. At this point plaintiff filed his present rule for summary judgment, which we dismissed.

In the first count of their affidavit of defense, defendants set forth facts to substantiate the defense that the paving was actually a repaving, and not an original paving, and therefore there was no liability for the assessment.

In their second count, defendants aver certain facts to show that the City has adopted and acquiesced in the previous paving on 63rd Street as an original paving.

Finally, in their third count defendants aver facts to the effect that the assessment under the circumstances of the present case was unconstitutional.

Let us consider whether defendant has set forth an answer sufficient to permit us to let the case go to trial.

First of all, the law is well settled that once there is an *original* paving, the city cannot assess and charge for subsequent repaving. *Hammett v. Philadelphia,* 65 Pa. 146 (1870); *Harrisburg v. Segelbaum,* 151 Pa. 172 (1892); *Philadelphia v. Pachelli,* 168 Pa. Super. Ct. 54 (1950).

The Superior Court has recently set forth in two opinions some guiding principles on the subject. See: *Mt. Lebanon Township v. Scheck,* 159 Pa. Super. Ct. 189 (1946), and *Philadelphia v. Pachelli,* supra.

In both of the cases last cited, summary judgment was entered by the trial court, and, on appeal, both decisions were affirmed. In the *Pachelli* case, the principal contention of the defendant was that the work done was not an original paving, but rather a repaving, for which he could not be assessed. There, as here, the question was whether the affidavit of defense set out this defense with sufficient particularity to entitle the defendant to have a jury pass on it. The court there decided against the defendant, since he was unable to aver with particularity the circumstances of the original paving and the persons who actually paid for it. The statements contained in the affidavit were too general.

In *Mt. Lebanon Township v. Scheck,* supra, the street was *widened,* and the city assessed the abutting property owners only for the *extra* or *widened* portion of the road, but *not* for the repaving of the *middle* of the cartway. On this set of facts it was obvious the defendant had no real defense. He merely averred generally that the paving was a repaving, and that consequently he was not liable. Summary judgment was properly entered in that case, since it was manifest

from the record that there existed no meritorious defense to the claim.

The instant case, however, is distinguishable from the above cases in several aspects. The case of *Mt. Lebanon Township v. Scheck,* supra, of course is clearly a different case on the facts alone. There the city assessed only for that new portion of the road actually paved for the first time. Defendant could have *no* defense to that and summary judgment was properly entered. In the case of *Philadelphia v. Pachelli,* supra, where defendant's affidavit failed to state with particularity the circumstances of the original paving, we again have a situation different from the case at hand. In the instant case, defendants have stated with great care the exact circumstances, to the best of their knowledge, regarding the paving as it originally took place when the houses abutting 63rd Street were constructed. Defendants set forth the names and addresses of the owners of the abutting premises; the dates when the deeds of dedication to the roadbed were accepted by the board of surveyors; the date when the paving was first laid; the firm that laid it; the exact measurements of the pavement, including its exact construction, and the composition of the foundation and the various layers of road material laid thereon; and the fact that the premises now owned by defendants bore a proportionate share of the cost of the original paving laid down by the contractor mentioned above.

The above allegations would seem to be specific and complete enough to carry the case to a jury. There is, of course, the fact that defendants were unable to allege any specific ordinances of the city assessing a certain amount against each abutting land-owner at the time the pavement was put in, but under the doctrine of *Hammett v. Philadelphia,* supra, an early case setting forth in excellent manner the reasons behind the

law in this area, we think this is not fatal to defendant's case. Justice SHARSWOOD, in the *Hammett* case, set forth as the reason for permitting local assessments, the fact that the original paving of a street brings the property bounding upon it into a market as building lots. Before that, it is a road, not a street. It is therefore a local improvement, with benefits almost exclusively peculiar to the adjoining properties. Repairing a street, on the other hand, is as much a part of the ordinary duties of the municipality as lighting or cleaning, and it would be unjust and inequitable to provide for such general expenses by local assessments.

The theory, in other words, is not that assessments must be levied at some time to pay for the original paving, or that there can never be a repaving unless assessments are first levied. The real reason behind the rule is that a local assessment should be levied to pay only for local improvements where special benefits on the properties assessed are benefited. It is for this reason that the court has stated, in *Harrisburg v. Segelbaum*, supra, at page 181: "At first blush, there is apparent plausibility in the position, that the expense of one paving, at least, should, at some time or other, be charged against and paid by owners of the abutting property; but, in view of the principle underlying Hammett v. Philadelphia, and the whole line of cases, including Williamsport v. Beck, we think the position is more plausible than sound. That underlying principle is an exception to the general and almost universal rule that the cost of making and maintaining public improvements must be borne by the public. In the case of paving public streets, the circumstances which create the exception and justify its application exist only when the street is first improved by paving or macadamizing it."

Any special benefit which is the basis of a local assessment must, in other words, be made at the time the paving is laid, and not at the time of a subsequent repaving.

Under the facts of this case it is difficult to see how defendant benefited from the repaving of 63rd Street. The law is, however, that if the present paving was an original paving, an assessment is permitted; if the previous paving was an original paving, no assessment is permitted. The question for the jury, then, is which paving was the original? if one were to follow the theory of the *Hammett* case, it would seem the previous paving constituted an original paving, since all the benefits of an original paving were received at that time. On the other hand, no assessment was ever made by the city, and the present paving might therefore be treated as an original paving. Actually, the most we can say is that we have here a doubtful question of mixed law and fact. Under these circumstances, where there is some doubt in our mind, the proper thing to do is to deny summary judgment.

There is still another reason why we denied plaintiff's request for summary judgment. It is the fact that defendant alleged the city passed certain ordinances, and performed certain official acts, from which it could be inferred that the city had *adopted* the paving as an original paving. If these facts alleged are taken as true, it is very possible defendant has a meritorious defense, and under such circumstances, we could not properly make the rule absolute for judgment on the pleadings.

In *Leake v. City of Philadelphia,* 171 Pa. 125. (1895), for example, the court held that although macadamizing is prima facie not a paving for a city street, it may be a paving if put down by the city in the first instance, *or* if adopted subsequently as a pavement for

the purpose of turning a road into a street. In that case, the master appointed by the court found as facts, among other things, that the street concerned was used for many years as a main street; that there were various acts of assembly passed providing for repaving and repairing the road; that the street was lighted by the city; that water mains were laid therein; that any property owner desiring to tear up any portion of the street was obliged to obtain a permit from the city; that plans establishing the lines and grades of the street had been previously prepared by the city; that various transportation companies operated their lines over said street; and many other similar findings along these same lines. Under these facts, the Supreme Court held that since the street was paved and assimilated with the rest of the city streets, and treated by the municipality for many years before the paving in dispute was laid, the latter was a repaving for which the abutting owners were not liable.

It is to be noted that the court concluded as indicated above even though there was no allegation or proof that the abutting land-owners had ever paid a previous assessment.

The present affidavit of defense alleges facts substantially in accord with those enumerated in the *Leake* case, supra. Accordingly this court can only conclude that a meritorious defense is alleged, and we cannot properly sustain the rule for judgment for want of a sufficient affidavit of defense.

In *Pottsville v. Jones,* 63 Pa. Super. Ct. 180 (1916), cited with approval in *Mt. Lebanon Township v. Scheck,* supra, the facts were very much akin to the controversy now before us. There, as here, defendants were unable to show that any specific ordinance directed the original paving, or the exact circumstances of the first paving. This, of course, goes only to the question of

intention, and the court said, at page 188, on this point: "It is not conclusive against such intention that the cost of the first paving was not provided for from any specific appropriation, but paid out of the general revenue, nor is the fact that no formal ordinance directed the work to be done."

There is little doubt that the paving which was removed in the instant case was substantial enough to constitute a first paving. The essential question is whether the road was changed to a street. As the court said on page 187 of the *Pottsville* case, supra, "While no particular material is necessary to constitute such pavement, it may be made of anything which will produce a hard firm, smooth surface for travel. There is no question but that macadamizing may be regarded as a first paving if it was the intention of the municipal authorities to so use it." (Citing cases.)

Not all macadamizing, of course, converts a road into a street. The character of the work must be shown. In the present case defendants have clearly shown the character and construction of the previous paving. At the time this paving was laid, it obviously would have been of such construction as would constitute a first paving, if the municipal authorities had so intended, either at the time of the paving, or afterwards.

We agree with plaintiff that many of the allegations set forth in the affidavit of defense to show intent of the municipality to adopt the paving as a first paving are insufficient, under the law, to show such intent. We speak of such things as cleaning and lighting the streets, and use of the street by public vehicles. In other words, there are some duties which the city performs, as a normal municipal function, in respect to all streets, whether the main city street, or a country road. But there are also other duties and official acts which the city performs in respect to certain

streets which set it apart from the ordinary street. These are the things in which we are interested. As the court said in the *Pottsville* case, supra, at page 186: "Adoption or acquiescence, as showing municipal intention must be limited and confined to acts which deal with the highway as an improved street, and consists of such acts which recognize the construction employed and the results obtained as being sufficient to stamp upon the particular highway the fact of a permanently improved street as such term is generally known, and those rules and ordinances of the municipality which provide better protection for such street than an ordinary dirt road, by those who use and occupy it, as water companies, gas companies, etc., and the conduct of the municipality itself, through its proper offices, or the minutes or ordinances of the council, in recognizing this construction as being of a permanent nature, treating it in the same manner as an unquestionable paved thoroughfare of the municipality, these are acts which tend to show municipal intention."

Now, what were some of the facts pleaded in *Pottsville v. Jones,* supra, which indicated the city treated the street there involved as more than the ordinary dirt road. Among other things, the court considered the fact that certain ordinances were enacted providing for a charge for permits to open the street. Also considered was the fact that certain minutes of council referred in some manner to the first paving. These factors, in addition to the permanent nature of the construction, were held to be sufficient evidence to submit to the jury from which they might find an intention to adopt or regard the paving as a first paving. The court said, at page 188: "The question for the jury's consideration was the intention of the municipality and while any one of the several items of evidence would

not, of itself, amount to an intention, all of them, with other evidence, were sufficient to submit to the jury from which intention might be found."

Most of the above elements, and more, have been pleaded by defendants in order to establish intent. It is clear, therefore, that this court could not properly enter summary judgment, since, if we assume all of defendant's allegations are true, there is evidence sufficient to warrant a finding of intention. Under such circumstances, it is for the jury to find the intent as a fact: *Pottsville v. Jones,* supra, and cases cited therein at page 186.

Accordingly, the rule for judgment for want of a sufficient affidavit of defense was properly discharged.

Use-plaintiff appealed.

*Lester S. Hecht,* for appellant.

*James H. McHale,* for appellees.

PER CURIAM, August 30, 1954:
A majority of the members of the court agree that the order of the court below should be affirmed on the opinion of Judge CRUMLISH.

Order is affirmed.

HIRT, J. dissents.

Commonwealth ex rel. Spanos, Appellant, *v.*
Keenan.