# New Freedom Borough v. Lafferty

*Harry L. McNeal, Jr.,* for plaintiff.
*Harry C. Elsesser, Jr.,* for defendants.

SHADLE, *P. J.*, April 3, 1974 — This is a proceeding by plaintiff on a scire facias sur municipal lien to which defendants have filed an affidavit of defense. The case was submitted to the court for determination on a stipulation of facts, briefs and argument.

Defendants own a tract of land within plaintiff borough. By a "motion" adopted by the borough council of plaintiff on February 13, 1967, and a "resolution" adopted on June 10, 1968, plaintiff decided to improve by paving the street on which defendants' land abuts, and to assess a portion of the cost thereof against the owners of such abutting land. Both of these actions were recorded in the minute book of the borough council, but neither was published or advertised. Defendants were aware of these actions, and appeared in opposition to them at a borough council meeting on September 9, 1968. Of the total cost of $8,641.40 for material, labor and equipment rental, four contracts for $3,937.07 were obtained by competitive bidding, but there were no competitive bids for the remaining six contracts for $4,704.33. The work was completed on May 3, 1969, and on June 1, 1970, a lien was filed against defendants' property for $580 for their share of the cost. Plaintiff has accepted the work and has paid the cost of the improvements.

By their affidavit of defense, defendants resist payment of the lien on three grounds: (1) The work was not authorized by an ordinance which was properly advertised; (2) the work was not all performed under contracts obtained by competitive bidding; and (3) the lien was not filed within six months from completion of the work as required by law.

Section 1006 of the Borough Code of February 1,

1966, P.L. (1965) 1656 (No. 581), 53 P.S. §46006, provides that "The legislative powers of boroughs . . . shall be exercised by or be based on an ordinance," and further requires the borough council to "publish every ordinance or resolution of a legislative character."

It is true that plaintiff's two legislative enactments were not denominated "ordinances" in the minute book. However, in our opinion, the action taken was the legal equivalent of the adoption of an ordinance. In Howard v. Borough of Oliphant, 181 Pa. 191 (1897), the following appears:

"A permanent regulation in a municipal government may be adopted by what is designated as a resolution, and if so intended will have the same force and effect as an ordinance if passed with the same formalities. What the borough cannot do by the latter it cannot do by the former [citation omitted]. A resolution of council is but another name for an ordinance, and if it be a legislative act it is immaterial whether it be called a resolution or an ordinance [citations omitted]."

Furthermore, the legislature has by the Act of July 22, 1969, P.L. 176, sec. 1, 53 P.S. §7453, cured any defect in plaintiff's action by failure to adopt and advertise a formal ordinance. This act, which is extremely broad in scope, provides that "such improvement is made valid and binding . . . all such benefits and all assessments heretofore made or determined are hereby ratified, confirmed, and validated . . . [and] [s]uch assessment . . . shall be a lien upon the property assessed." Defendants contend that the act validates only action attempted by ordinance, which was not the case here, but this is a too restrictive reading of its terms. The act validates the proceeding despite "some defect in the

. . . action of council . . . notice of publication . . . non-compliance with existing laws as to publication of copies of ordinance . . . or because of any irregularity or error in the ordinances or passage or approval thereof." We hold that this legislation cured any defect or omission by plaintiff in failing to denominate its action an ordinance or to advertise it. In any event, the purpose which formality and advertisement was intended to serve was fully accomplished in this case by defendants' knowledge of the enactment displayed by their appearance before the borough council in opposition to it.

With reference to competitive bidding, section 1402 of the Borough Code, supra, 53 P.S. §46402, requires competitive bidding after advertisement, and section 1403, 53 P.S. §46403, prohibits piecemeal contracts to evade it. However, once again the Act of 1969, supra, by its express terms cures any defect in plaintiff's action "as to the purchasing of materials and supplies; or the awarding of contracts without advertising."

Furthermore, a property owner defending against a municipal claim for paving on the ground of lack of proper bidding has no standing unless he can show special damage to himself by reason thereof as to the work charged against his property: Pittsburgh v. MacConnell, 130 Pa. 463 (1889). Defendants have made no such showing here, plaintiff has long since accepted and paid for the work, and the benefits therefrom have accrued to defendants' land.

Section 9 of the Act of May 16, 1923, P.L. 207, as amended, 53 P.S. §7143, does require municipal claims to be filed within six months from completion of the work. This was not done here, since the work was completed on May 3, 1969, and the lien

was not filed against defendants' property until June 1, 1970. However, the Act of 1969, supra, also cures any defect in this respect. Section 2 thereof, 53 P.S. §7454, permits the late filing of a lien within 12 months of the date of its enactment, July 22, 1969, which was done here. In addition, the Act of September 23, 1959, P.L. 955, sec. 1, 53 P.S. §7432, provides that "Whenever, heretofore or hereafter, any . . . borough . . . has failed to file . . . any . . . municipal claim assessed against any property within the time limit required by law . . . in any such case heretofore or hereafter occurring, any such . . . borough . . . may, at any time after the effective date of this act, file such . . . municipal claim . . . and such claim . . . shall be a valid claim." This act also cures any time defect in plaintiff's claim against defendants.

## ORDER

And now April 3, 1974, judgment is hereby entered in favor of plaintiff and against defendants for $580, with interest from May 3, 1969, and costs of suit. An exception is noted for defendants.