Warwick Homes, Inc., Appellant v. Upper Merion Township, Appellee.

Argued April 6, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Jacob S. Richman*, for appellant.

*Gregory J. Dean*, with him *Meneses & Dean*, for appellee.

OPINION BY JUDGE BLATT, July 11, 1979:

Upper Merion Township (Township) filed a municipal claim for $675.00, plus interest and costs, for the removal of weeds on property owned by Warwick Homes, Inc. (appellant). The Township later filed a praecipe for writ of scire facias sur municipal claim, to which the appellant filed an affidavit of defense alleging that the Township's claim was unreasonable and excessive and that the reasonable cost of removing the weeds was no more than $100.00. The Township then filed a petition for judgment for want of sufficient affidavit of defense, which the Court of Common Pleas of Montgomery County granted. The

appellant has appealed here seeking a remand for a trial on the merits and arguing that its allegations that the amount of the claim is unreasonable and that a reasonable amount would be $100.00 are sufficient to require a trial on the merits. We agree.

Our research discloses no authority which directly addresses the issue here presented. There is at least implicit. support in a number of cases, however,. for the proposition that, while a mere denial of the reasonableness of a claim such as the Township's here is not sufficient to warrant a trial on the merits, such a denial coupled with a statement as to what a reasonable amount would be *is* sufficient. *See Pittsburgh v. MacConnell,* 130 Pa. 463, 18 A. 645 (1889); *Platt v. Philadelphia,* 183 Pa. Superior Ct. 486, 133 A.2d 860 (1957); *Archbald v. Stone,* 91 Pa. Superior Ct. 268 (1927); *Griffith & Dicola v. W. Michael Connelly, Inc.,* 14 Chest. Co. Rep. 140 (1966); *Blythe v. J. S. Mozino & Co.,* 46 Del. Co. Rep. 335 (1959). We believe, moreover, ''that summary judgment on the pleadings should be entered against the defendant only when the answer *clearly* presents no meritorious defense.'' *Philadelphia, to use, v. O'Brien,* 176 Pa. Superior Ct. 235, 236, 107 A.2d 587, 588 (1954) (emphasis in original).

The appellant's affidavit of defense here, being sufficient to put in issue the reasonableness of the amount of the Township's claim, requires us to order that the matter be remanded for a trial on the merits.

## ORDER

AND Now, this 11th day of July, 1979, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby reversed, and the case is remanded for further proceedings in accordance with our opinion.