## The Pennsylvania Globe Gaslight Company *versus* The City of Scranton.

1. The councils of a city of the third class passed an ordinance which was presented to the mayor for approval and by him returned within fifteen days, to the president of the common council, vetoed. No meeting of councils was held until after the lapse of more than fifteen days from the passage of the ordinance. The mayor's veto was then read but no further action was taken, and a contract was entered into on behalf of the city in pursuance of the pro- ions of the ordinance. In a suit upon this contract: *Held*, that under the terms of the Act of May 23d 1874, Pamph. L. 246, sect. 29, the ordinance was effective, and that the contract entered into in pursuance thereof was a valid one.

2. Whether it was competent for a member of the common council, who was also a citizen and taxpayer, to take an appeal from an award of arbitra- tors in the said suit, councils having instructed the city solicitor not to appeal, not decided.

April 1st 1881. Before SHARSWOOD, C. J., MERCUR, GOR- DON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Lackawanna county*: Of January Term 1880, No. 321.

Assumpsit. Case stated, showing the following facts: By an ordinance passed by the councils of the city of Scranton on No- vember 17th 1877, the president of the select council was author- ized to execute a contract for supplying certain wards of the said city with gas-lights for the term of two years. This ordinance was presented to the mayor for approval on November 20th 1877. On December 4th 1877, the mayor returned said ordinance to the president of the common council without his approval, with a statement of his reasons and objections for refusing to sign the same. There was no meeting of councils on December 4th. At the next meeting, December 8th 1877, the said ordinance with the mayor's objections were presented and read before the common council; "being more than fifteen days after it was presented to the mayor, no further action was taken thereon." On December 13th 1877, the president of the select council entered into a con- tract with the Maloney Manufacturing & Gas Light Company, Limited, of Scranton, to light a portion of the city in pursuance of the ordinance. This contract was assigned to the Pennsylvania Globe Gas Light Company, the plaintiff, who furnished the lights and presented bills for the contract price. The councils recog- nized the liability of the city under the contract and ordinance, and were willing to pay said claim, but were restrained by an in- junction issued upon the prayer of a taxpayer, until the validity of the said contract should be passed upon by the courts. The plain- tiff thereupon brought this action of assumpsit against the city of Scranton, in which, under a rule of reference, the arbitrators

[Penna. Globe Gaslight Co. *v.* City of Scranton.]

awarded in favor of the plaintiff for the full amount of the claim, and judgment was entered upon the award. Thereupon, one C. J. Johnson, a taxpayer and a member of the common council, by his præcipe directed the prothonotary to "enter an appeal from award of arbitrators in this case, on the part of C. J. Johnson." Upon a rule taken to show cause why this appeal should not be stricken off on the ground that Johnson, not being a party to the record, had no right to take the appeal, the depositions showed that by a vote of councils, the city solicitor had been instructed not to enter an appeal from this judgment. This rule was discharged by the court, and the appeal allowed to stand, on the ground that Johnson, as a taxpayer, had a right to protect, by appeal, the rights of the city.

There being no dispute as to the facts, a case stated, showing the foregoing facts was submitted for the opinion of the court on the question whether the plaintiff was entitled to recover. The court, HAND, A. L. J., was of the opinion that the mayor's veto of the ordinance under which the contract was made, was, under the circumstances, effective to defeat the ordinance, and that the contract being based on the ordinance, had no validity. The court, therefore, entered judgment on the case stated, for the defendant.

The plaintiff thereupon took this writ of error, assigning for error, (1) the order of the court discharging the rule to show cause why the appeal on the part of C. J. Johnson from the award of arbitrators should not be stricken off; (2) the order of the court in entering judgment on the case stated for the defendant.

*W. Nelson West* and *J. G. Johnson* (*Lemuel Amerman* with them), for the plaintiff in error.—1. The right of appeal from an award of arbitrators is statutory, under the Act of June 16th 1836, sect. 37, Purd. Dig. 85, pl. 56, which provides that "*either party* may appeal," &c. Johnson was not a party, nor was his appeal entered on the part of the defendant, but in his own behalf as an individual. He paid no costs, and did not give the recognizance required by the statute as a prerequisite to an appeal. He makes no allegation of fraud on the part of the city or its officers. By the Act of May 23d 1874, sect. 40, Purd. Dig. 1918, pl. 111, 112, the city solicitor is the law officer of the city of Scranton, whose duty it is to defend all actions against the city; and the city councils expressly instructed him not to appeal from the said award. If a third party be allowed to interpose by appeal against his consent, why may not a third party prosecute a suit, compromise a claim, or satisfy a judgment and thus virtually abolish the office of city solicitor?

2. Matters in relation to the passage of an ordinance cannot be inquired into: Killgore *v.* Magee, 4 Norris 401. But there was no irregularity in the passage of the ordinance in question. It

was regularly passed by the councils and presented to the mayor. The Act of May 23d 1874, Purd. Dig. 1914, pl. 86, provides, that if the mayor " shall not approve, he shall return it with his objection to *the council*, who shall proceed to reconsider it. * * * Every ordinance which the mayor shall *not* return within fifteen days, shall have the same force and effect as if it had been approved by the said mayor. The said mayor may approve ordinances in vacation of council, and may call special meetings of council, to reconsider ordinances which he does not approve, on one day's notice to each member of the said council." The mayor did not within fifteen days return this ordinance to council, but he did return it, with his objections, to the president of the common council, who submitted it to councils at their next meeting, more than fifteen days after the ordinance had been presented to the mayor. In the meantime, the ordinance had taken effect by limitation of time, and the councils recognized and acted under it as a valid ordinance. The failure to return it in time was a statutory approval. In order to have given effect to the veto, the mayor should have summoned a special meeting of councils, on one day's notice.

3. The city ratified the contract by receiving the light and approving the bills under it, and is thus estopped from denying her liability ; and an individual taxpayer can have no other defence than the city might have : McKnight *v.* Pittsburgh, 10 Pitts. L. J. (N. S.) 72 ; Lane *v.* School District, 10 Metc. 462 ; Pickard *v.* Sears, 6 Ad. & El. 469 ; 1 Dillon on Municipal Corp., sect. 385, and cases cited.

*R. W. Archbald* (*I. H. Burns*, City Solicitor, with him), for the defendant in error.—1. The provision in the Act of 1874, authorizing the mayor to call special meetings of councils, is permissive, to meet emergencies. That he must do this or lose his veto is unreasonable and against the analogy of the system of our state and federal legislative powers. He would be obliged to summon such special meeting in advance for the fifteenth day, on all occasions when a regular meeting of councils would not fall on that day, otherwise his statutory veto period of fifteen days would be abridged to fourteen or less.

2. The ordinance itself was fatally defective, and plaintiff showed no right to recover thereunder. There could therefore be no ratification by the city. Councils had no right to delegate to the president of select council the discretion to make the contract : Dillon on Municipal Corp., sect. 60 ; Cooley on Const. Lim. *204, *205 ; Findley's Appeal, 3 W. N. C. 423. The contracting party, the Maloney Manufacturing and Gas Light Company, Limited, is not a party to this suit, and a partial assignment of a contract with a

[Penna. Globe Gaslight Co. v. City of Scranton.]

municipal corporation cannot be enforced: City of Philadelphia's Appeal, 6 W. N. C. 193.

Mr. Justice GORDON delivered the opinion of the court, May 2d 1881.

On the 13th of December 1877, a contract was executed on the part of the city of Scranton by Joseph P. Phillips, president of the select council, with the Maloney Manufacturing Gaslight Company, assignor of the plaintiff, by which the company agreed to furnish the city with a certain number of street lights for the period of two years, from the 20th of December 1877, at the rate of thirty dollars per year for each light.

It is admitted by the case stated, which the parties submitted to the court, that this contract was fully performed on the part of the company, and that if this contract is valid and binding on the part of the city, the plaintiff is entitled to $6160, with interest from the 1st of March 1879.

The single question then is, had Joseph P. Phillips, as president of the select council, power to bind the city by the contract, as above stated? The court below thought not. The power of Phillips depends upon the ordinance of November 17th 1877; if it was valid, his power was undoubted, for it authorizes just what was done, and the power of the councils to furnish the city with gaslights, by contract or otherwise, is expressly conferred by the 20th section of the Act of May 23d 1874, Pamph. L. 240.

Why then was the ordinance not valid? The learned judge of the common pleas answers this interrogatory by saying it was vetoed by the mayor. But this answer is, in turn, met by the plaintiff's allegation, that though vetoed it was not returned to the council within the statutory period of fifteen days, hence the veto was nugatory and the ordinance became a law.

As the facts of the case are not disputed, this controversy may be readily settled by reference to the certificate of the clerk of the common council, and the 29th section of the act above cited. The following is a copy of the certificate: "I do certify that the bill entitled 'An Ordinance to supply portions of the city of Scranton with Gaslights, No. 18, file of Common Council,' was passed by the Common Council November 17, 1877, presented to the Mayor for approval the 20th of November 1877, returned, vetoed with objections, to the president of the Common Council, December 4, 1877, and now, December 8, 1877, read before the Common Council, being more than fifteen days after presented to the Mayor; no further action taken."

The act reads as follows: "Any ordinance which shall have been passed by the councils shall be presented to the mayor, if he approves, he shall sign the same, but if he shall not approve, he shall return it with his objections to the council who shall proceed

[Penna. Globe Gaslight Co. *v.* City of Scranton.]

to reconsider it. * * * Every ordinance which the mayor shall not return within fifteen days shall have the same force and effect as if it had been approved of by the said mayor; and the said mayor may approve ordinances in vacation of council, and may call special meetings of council to reconsider ordinances which he does not approve, on one day's notice to each member of the said council."

This definitely settles this controversy in favor of the plaintiff. The ordinance not having been returned by the mayor, with his objections, to the council within the statutory period of fifteen days, it became a law as effectually as though it had been approved by him. The court below endeavored to break the force of this conclusion by the application of that part of the 4th section of the act which prescribes that " the mayor shall sign the said resolution or ordinance if he approve it, or return the same. to the branch of councils wherein such resolution or ordinance originated within ten days, or at the next meeting of councils after ten days have expired ·if he does not approve it, with the reasons therefor."

But it is manifest that this section, though the act does not so state, must be confined to cities of the first and second classes; otherwise there is a direct and unnecessary conflict between it and the 29th section, which is expressly limited to cities of the third class. It is, indeed, only under a construction such as this that the former section can stand, otherwise the latter, being the last expression of the legislative will, must repeal the former.

But the patchwork which is attempted in order to save the defendant's case, by taking part of the 4th and engrafting it on the 29th section, cannot be sustained.

The court thought there was a necessity for such a construction, but in this we do not agree with it. The 4th section gives the mayor ten days, or the further period intervening between the expiration of the ten days and the next meeting of the council, within which to return the vetoed ordinance. The reason for this is obvious enough, since this part of the statute gives the mayor no power to convene the councils for the purpose of considering the rejected ordinance.

The 29th section, on the other hand, gives the mayor fifteen days and no more, in which to consider an ordinance, with the power to convene the council for the special purpose of reconsidering those ordinances which he refuses to approve. Thus the necessity for an extension of time beyond the period of fifteen days is fully provided for, and the statute requires no judicial implication or construction for its perfection.

We are, therefore, satisfied that the ordinance under which Phillips acted in the execution of the contract with the assignor of the plaintiff was valid, and as a consequence his act bound the city.

This conclusion, as well as the fact that the parties submitted

[Penna. Globe Gaslight Co. *v.* City of Scranton.]

their contention to the court below, in the shape of a case stated, renders a consideration of the question whether C. J. Johnson had the right to appeal, on the part of the city, from the award of arbitrators unnecessary.

> The judgment of the court below is now reversed and set aside, and it is ordered that judgment be entered for the plaintiff, on the case stated, in the sum of $6160, with interest from the first day of March 1879, and costs.