In re Annexation of Morrellville Borough to the City of Johnstown. Appeal of George W. Wagoner, Mayor.

*Borough annexation—Practice, Q. S.—Parties to petition to quarter sessions.*

In proceedings for annexation of a borough by a city under the Act of May 23, 1889, P. L. 277, the petition invoking action by the quarter sessions for election purposes, jurisdiction is vested upon petition filed by the presidents of councils. The neglect or refusal of the mayor to act cannot have the effect of nullifying the law.

*Borough annexation—Presumptions as to proof of—Jurisdictional averments—Jurisdiction, Q. S.*

It is sufficient if the necessary jurisdictional facts are averred in the petition, i. e. (1) that annexation has been invoked by a petition of three fifths of the taxable inhabitants, (2) legal enactment by the annexing city of the annexation alliance. No adverse presumption arises from the fact that the city ordinance was not certified by the city clerk. The court has power to act upon the averment of the jurisdictional facts, and as the law provides no mode of bringing on the record the evidence given on the hearing, an appellate court is bound to presume on appeal that the facts averred were proved in a manner sufficient to satisfy the conscience of the court.

*Ordinances—Verbal amendments.*

A verbal amendment on third reading of an ordinance is not invalid

because not printed, especially when the ordinance without amendment would have to be construed precisely as read when amended. The context would correct a printer's blunder.

*Municipal ordinance—Constitutional law—Annexation of borough—Double subjects.*

An ordinance annexing a borough, already divided into three wards, is not open to an objection that it is void as containing two unrelated subjects.

Whether an annexation ordinance was vetoed by the mayor is a question of fact for the determination of the court of quarter sessions, and the findings of that court on the merits or facts are not subject to review by the appellate court. An appeal from the supplementary proceedings before the quarter sessions in annexation of a borough is in the nature of a certiorari, and the appellate jurisdiction is limited to a review of the proceedings below for the purpose of determining the extent and limits of the power of the quarter sessions, and the regularity of its exercise.

*Borough annexation—Special election—Jurisdiction, Q. S., to recognize existing wards.*

Where the annexation of a borough to a city is an accomplished fact the court of quarter sessions has jurisdiction to make a decree giving the people proper representation in the different branches of the city government.

In the absence of clear legislative intent to destroy existing subdivisions of the annexed territory, the general power to make such decree as would give the people proper representation, includes the power to recognize existing wards in making such decree.

*Public officers—School directors—Special election after annexation—Mayor cannot appeal.*

Assuming that school directors are not ward officers within the meaning of the act of 1889 providing for special elections upon annexation of a borough by a city, the mayor of the annexing city has no standing to bring up for review a decree ordering an election of school directors.

Argued May 2, 1898. Appeal, No. 167, April T., 1898, by George W. Wagoner, mayor of the city of Johnstown, as such mayor, as well as a citizen and taxpayer of said city, from decree of Q. S. Cambria Co., Dec. Sess., 1897, Nos. 1, 2, designating time and place for holding special elections to fill vacancies in the city offices. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. 'Affirmed.

Petition by presidents of select and common councils of the city of Johnstown for the designation of time and place for holding special elections to fill vacancies in the office of select and common councils and school controller in the new wards

of the borough of Morrellville, annexed to the city of Johnstown.    Before BARKER, P. J.

The facts sufficiently appear in the opinion of the court.

The court below filed a decree designating time and place for holding special elections, as prayed for in the petition filed by the presidents of select and common councils.    The mayor of the city of Johnstown as such mayor, as well as a citizen and taxpayer of said city, appealed.

*Errors assigned* were (1) in entering the following decree: " In the court of the quarter sessions of the peace for Cambria county.    Decree in re annexation of the borough of Morrellville to the city of Johnstown, said county.    And now, January 5, 1898, this cause came on to a hearing, and after full argument and with due consideration, it is ordered, adjudged and decreed that the borough of Morrellville having been annexed to the city of Johnstown, in due form, the territory heretofore included in the third ward of said borough shall be designated as the eighteenth ward of said city; and the same in the second ward shall be designated as the nineteenth ward; and the same in the first ward shall be designated as the twentieth ward thereof.    That a special election shall be held in the said wards on Tuesday, February 15, 1898, in the manner provided by law for conducting municipal elections, for the election of one person for school controller, one person for select council and one person for common council for each ward, to serve until their successors are duly elected and qualified. Further, that the following named persons are hereby appointed officers to conduct the said elections, and that the places for holding the same shall be the regular polling places for said districts, which shall continue as such until changed in due form of law."    (2) In entering said decree, in that it had no jurisdiction of the subject-matter of the foregoing decree; for the reason that there was no proof before the court of a petition by the citizens of Morrellville to the council thereof to pass the ordinance asking for annexation.    (3) In entering the foregoing decree as it had no jurisdiction; because the ordinance passed by the council of the borough of Morrellville contained a condition, which is as follows: " Section 1. That the borough of Morrellville, consisting of three wards, in the county

of Cambria, having been duly incorporated under the laws of
Pennsylvania, and adjoining the city of Johnstown, a city of
the third class, in said county of Cambria, be and the same is
hereby annexed to and made three wards of the city of Johns·
town, and the territory heretofore comprising the borough of
Morrellville shall hereafter be subject to the laws and ordi-
nances pertaining to said city of Johnstown, with the same
force and effect as if said territory now comprising said bor-
ough had been within the city limits at the time of the orig-
inal incorporation of said city.   Section 2. This ordinance to
become binding and absolute upon all persons and property
within the present borough limits when the city of Johns-
town, by its proper ordinances, annex the borough of Morrell-
ville to and make the same three wards of the city of Johnstown,
at which time all further municipal authority of said borough
shall cease and determine, as provided for by law in the annex-
ation of boroughs to cities of the third class in this common-
wealth."    (4) In entering the foregoing decree, because it had
no jurisdiction, as there was no legal proof before the court that
an ordinance of the city of Johnstown annexing the borough of
Morrellville to the city had ever been passed, there being no cer-
tificate of any such ordinance from the city clerk of the exist-
ence thereof.   (5) In entering the foregoing decree, based upon
the uncertified alleged ordinance, which is attached to the record
in this case, as part of the petition of the presidents of the city
councils, because said alleged ordinance is void, in that it con-
tains more than one subject expressed in its title, and which are
as follows:  " First, annexing the borough of Morrellville to the
city of Johnstown ; second, and designating the several wards
of the same."   (6) In making the foregoing decree, because
the second section of the purported ordinance of annexation
provides as follows:  " Section 2. That the present third ward
of the borough of Morrellville shall be known and designated
as the eighteenth ward of the city of Johnstown, and the pres-
ent second ward of the borough of Morrellville shall hereafter
be known and designated as the nineteenth ward of the city of
Johnstown, and the present first ward of the borough of Mor-
rellville shall hereafter be known and designated as the twenti-
eth ward of the city of Johnstown."   (7) In making the foregoing
decree, because the alleged ordinance of annexation was never

legally passed by the councils of the city of Johnstown, for that immediately before the third reading and passage of the alleged ordinance, line one, of section 4, which had been printed and passed through two readings before it was finally acted upon, was amended by striking out the word "hereafter" and inserting therein, in writing, the word "heretofore," and was passed the same evening without the said amendment being printed. (8) In making the foregoing decree, because it had no jurisdiction, for that no ordinance was ever passed by the councils of the city of Johnstown and approved by the mayor. On the contrary, the uncertified ordinance set forth in the record by the petitioners, was returned to the body in which it originated, by the mayor of said city, with his objections thereto, and nonapproval thereof, within fifteen days from the date of its presentation to him for his approval; and the said ordinance was not reconsidered, although within the fifteen days a special meeting was legally called, and notices thereof given. The council met, but adjourned without reconsidering the ordinance. (9) The court erred in making a decree dividing the borough of Morrellville, as annexed to the city of Johnstown, into three wards of the said city, which decree is in the following words: "It is ordered, adjudged and decreed that the borough of Morrellville, having been annexed to the city of Johnstown in due form, the territory heretofore included in the third ward of said borough, shall be designated as the eighteenth ward of said city; and the same in the second ward shall be designated as the nineteenth ward; and the same in the first ward shall be designated as the twentieth ward thereof." (10) In appointing three different places in the borough of Morrellville at which elections should be held. (11) In ordering the election of one person for school controller in each of the three wards of the annexed territory. (12) In ruling that the mayor of the city of Johnstown had no right to veto the ordinance of annexation of the borough of Morrellville to the city of Johnstown, but that an ordinance of annexation of a borough to a city does not require the approval of the mayor thereof, which ruling is as follows: "We fail to find any express grant in the act of 1889 authorizing the mayor of a city of the third class to nullify the actions of councils in annexing a borough thereto." (13) In making the decree set forth in

the first assignment of error, without approving the alleged ordinances on which the decree is claimed to be founded. (14) In entertaining the petition in this case and entering the foregoing decree, set forth in the first assignment of error, because the said petition upon which said decree was based was not presented in such a manner as to give the court jurisdiction, the same being presented by George K. Shryock and Samuel A. Peden, in their capacity as presidents of the select and common councils of the city of Johnstown, as such, "as well as on their own behalf as citizens of said city," whereas, on behalf of said city of Johnstown, such petition must be presented by the mayor, its executive officer and representative, and on behalf of said alleged annexed district such petition must come from citizens and inhabitants of said district who have interest in the representation of said district in the government of said city, and not from citizens of the city, already represented.

*W. Horace Rose* and *George A. Jenks*, with them *Francis J. O'Connor* and *Horace R. Rose*, for appellant.—There was not sufficient proof in this case to warrant the court in making a decree. The ordinance of the borough of Morrellville, on which the decree must be founded as a jurisdictional fact, must be an ordinance for such annexation. It must depend upon no contingency or condition upon which its existence as an ordinance depends. The first section of the ordinance of the borough of Morrellville declares that the borough of Morrellville is hereby annexed to and made three wards of the city of Johnstown. The second section of that ordinance attaches a condition, to the annexation ordinance, that the establishing of the three wards is a condition precedent to the annexation.

The borough and city had no right to contract for the erection of wards. In order to give the court jurisdiction, it is required to have been legally established by proof that the ordinance of the city of Johnstown was legally enacted; for it requires proof as well as petition, to give the court jurisdiction. The city ordinance is invalid because it contains two subjects.

The court of quarter sessions has no power to create or decree more than one ward in annexation proceedings.

The city ordinance is invalid by reason of amendment.

The court had no power to appoint three places for holding elections.

The court erred in ordering election of school controllers. The act of May 23, 1889, providing for the incorporation and government of cities of the third class, does not undertake to regulate the affairs of the school district, nor provide for the election of school directors or controllers. The mayor of the city had the right of veto in annexation proceedings. The mayor in fact vetoed the ordinance. There were no proper parties to the petition for decree of representation.

*P. C. Knox* and *H. W. Storey*, with him *M. B. Stephens* and *Thos. M. Marshall, Jr.*, for appellees.—The appellant cannot take an appeal in these proceedings in this form, to wit: "as well as a citizen and taxpayer of said city," for the reason that he did not appear in the lower court in such character.

The Superior Court does not have original jurisdiction, and, therefore, the writ should be quashed: Section 7, Act of June 24, 1895, P. L. 212.

The appellant had an opportunity to take an appeal, as is provided by section 3, article III, May 23, 1889, but he did not do it, and the rule is: "Where the prosecutor of the writ had a remedy by appeal, and failed to resort to it, as he should have done, the writ will be quashed, although duly issued:" 4 Ency. of Pleading and Practice, 36, 51, 239; Steel v. Bridenbach, 7 W. & S. 150.

The appellant is a stranger to the proceedings in the court below, as he did not appear as a citizen or taxpayer; therefore, the weight of authority is that he cannot have a writ of certiorari. The rule is:

" . . . . But the preponderance of authority would seem to require that the writ should be denied to a stranger to the proceedings, who should resort to some other remedy for redress:" 4 Ency. of Pleading and Practice, 166.

Opinion by Rice, P. J., July 29, 1898:

This was a proceeding growing out of the annexation of the borough of Morrellville to the city of Johnstown.

The case came into the court of quarter sessions upon the joint petition of the presidents of the select and the common

council, acting by direction of a concurrent resolution of the bodies, over which they presided, and on their own behalf as citizens of the city, praying the court to make such order or decree as would give to the people of the annexed territory proper representation in the different branches of the city government, and to appoint election officers and designate places for holding a special election for the election of councilmen and school controllers.    The mayor, against the protest of the petitioners, filed a paper specifying certain objections to the annexation proceedings, and denying the power of the court to decree representation in the mode prayed for.    After hearing, the court overruled all the objections, and made the decree from which this appeal was taken by the mayor.

The material provisions of the Act of May 23, 1889, P. L. 277, 280, governing the annexation of an adjacent borough to a city of the third class are as follows:

Section 1.  Any borough . . . . adjoining any city of the third class . . . . may be annexed to such adjoining city in the following manner, namely: . . . .   The town council may pass an ordinance for such annexation whenever three-fifths of the taxable inhabitants of such borough shall present a petition asking therefor.

Sec. 2.  Upon the presentation to the councils of such city of a certified copy of the ordinance . . . . said councils may by ordinance annex such borough to said city.

Sec. 3.  The action of said city councils shall be final and conclusive, unless an appeal be taken therefrom within ten days to the court of quarter sessions of the county.   Upon such appeal the clerks of said city councils and of said borough council shall certify to said court all the papers and proceedings in the case, whereupon the court shall examine and inquire, and if the proceedings appear to have been in conformity with law, shall approve the same.

Sec. 5.  Whenever any borough . . . . shall be annexed to an adjoining or adjacent city, as hereinbefore provided, it shall be the duty of the court, upon petition and proof, to make such order or decree as will give to the people of the annexed territory representation in the different branches of government of said city, by including said territory within the limits of an adjacent ward or wards or by creating a new ward thereof,

and said court shall, in case of the creation of a new ward, appoint the election officers and place for holding election of ward officers, and for that purpose may order a special election, if said court shall deem the same necessary, to be conducted in the manner provided by law for conducting municipal elections."

Passing, for the present, the question whether the mayor, as mayor or as a private citizen, had such interest as gave him a right to appeal from the decree, we shall proceed to a consideration of the several objections urged upon our attention, stating them as nearly as possible in the language of counsel, and referring to the pertinent facts as it becomes necessary.

1. Objection is made to the exercise of jurisdiction by the quarter sessions upon the ground that the petition was not presented by the proper parties. Doubtless the mayor might have presented the petition but there is nothing in the act which made it his exclusive duty to do so. When annexation becomes complete by appropriate proceedings of the two municipalities, the law contemplates that the people of the annexed territory shall be represented in the different branches of the city government, and surely it was not intended that the mayor might nullify the law by his refusal to act. Further, this is not a matter which concerns the people of the annexed territory only. All the citizens of the city, as newly constituted, are interested in having the city councils, for example, made up of such members duly elected as the law prescribes, and we find nothing in the letter or spirit of the law which forbids them to invoke the exercise of the jurisdiction of the court to accomplish that result. When it is remembered further, that these petitioners acted by direction of the legislative bodies, which, for the time being represented, and presumably expressed the will of the people of the city as a whole, it is impossible to question the propriety of the action of the court in recognizing them as qualified to make the petition.

2. It is argued that the court had no jurisdiction to make the decree because it had no sufficient proof (1) of the presentation to the borough council of a petition of three fifths of the taxable inhabitants of the borough of Morrellville asking for the annexation, or (2) of the legal enactment by the city of Johnstown of the annexation ordinance. But both of

these facts were distinctly averred in the petition, which was verified by affidavit and copies of the ordinances of the borough and the city, and duly certified copies of the minutes of the city councils showing the passage of the ordinance were annexed thereto. No adverse presumption can arise here from the fact that the copy of the ordinance annexed to the petition was not certified by the city clerk. True, the act regulating the government of cities of the third class provides that " all ordinances may be proved by the certificate of the city clerk under the corporate seal," but this is not exclusive of other methods, as for example the production of the record of the original. Where all the jurisdictional facts are averred in the manner above described, the court has power to act, and, as the law provides no mode of bringing on the record the evidence given on the hearing, we are bound by the most familiar principles to presume on appeal that it was sufficient to satisfy the conscience of the court that the city ordinance was duly passed by councils. The effect of the attempted veto of the ordinance will be considered under another head. As to the other branch of the objection we remark, that there is nothing in the statute which makes it absolutely essential that the inhabitants' petition to the borough council or a copy thereof, shall be annexed to and made part of the petition for representation. The legislature has provided in the third section a mode whereby the court may acquire jurisdiction to examine and determine whether the proceedings have been in conformity to law. If an appeal had been taken as provided in that section it would have been the duty of the clerk of the borough council to certify to the court all the papers in the proceeding including the inhabitants' petition, and upon the hearing of such appeal the sufficiency of the petition both in respect to the number and also the qualifications of the signers might have been inquired into. It may be questioned whether it could be inquired into in a supplementary proceeding like the present. But, be that as it may, the fact that there was such a petition not having been controverted in any way in the court below it was fully justified in accepting the sworn averment of the fact, and the recital thereof in the borough ordinance, as sufficient proof.

3. The minutes of common council, a copy of which was

attached to the petition, show that on third reading of the proposed ordinance the clerk stated that the word "hereafter " in line one section four was a typographical error and should be "heretofore." This was ordered to be corrected, and the ordinance was then passed finally by a unanimous vote. As corrected, the section reads as follows : " Sec. 4. That all ordinances or parts of ordinances heretofore passed by said borough and now existing in said borough relating to the government of the same are hereby repealed." That the use of the word " hereafter " was a typographical or, a clerical blunder is so obvious as to preclude every manner of doubt. The actual physical correction of it was unnecessary; for without it the section would be construed precisely as it now reads. The context would correct the printer's blunder : Endlich on Int. of Stat. par. 319; Keller v. Com., 71 Pa. 413; Lancaster v. Lancaster, 160 Pa. 411; s. c. 170 Pa. 108; Lancaster v. Frey, 128 Pa. 593 ; Com. v. Marshall, 69 Pa. 328. It was no more an amendment, i. e., an alteration or change, of the bill within the meaning of art. IV, sec. 3 of the Act of 1889, P. L. 277, than would have been the dotting of an " i " or the crossing of a " t," or the correction of the spelling of a word, and the omission to have the section reprinted as thus corrected did not invalidate the ordinance as a whole.

4. Section 2 of article 14 of the act of 1889, p. 277, declares : "No bill shall be passed containing more than one subject, which shall be clearly expressed in its title." The title of the city ordinance is : " An ordinance annexing the borough of Morrellville to the city of Johnstown, and designated the several wards thereof." The first section declares that the territory comprising the borough of Morrellville, " as is shown by the charter of said borough which is duly recorded and the several decrees of the court relative to the boundary lines and subdivisions of said borough into wards as is fully shown on the borough map be and the same is hereby annexed to and made part of the city of Johnstown," etc.

The second section declares that the three wards of the borough, taking them in the order in which they were numbered, shall be known and designated respectively as the twentieth, nineteenth and eighteenth wards of the city. No exception can be taken to the sufficiency of the title, but it is earnestly contended

that the whole ordinance is void because it contains two subjects. As this clause of the act of 1889 is identical in language with the clause in the constitution relating to acts of the legislature the decisions construing the latter are in point. It has been held "that if the title of an act actually indicates, and the act itself actually embraces, two distinct objects, when the constitution says it shall embrace but one, the whole act must be treated as void from the manifest impossibility in the court choosing between the two, and holding the act valid as to the one and void as to the other:" Cooley's Const. Lim. 177. We may concede the correctness of this statement of the doctrine, which Judge COOLEY says is recognized in all the cases, without conceding its unvarying application where the legislation upon one of the subjects embraced in the act is void for constitutional reasons and that upon the other subject is free from objection. These may be so interwoven and dependent one upon the other that it is impossible for the court to do otherwise than to declare the whole act void. Ayar's Appeal, 122 Pa. 266, is a notable instance. But frequently, it is possible in such cases to separate the good provisions from the bad and to declare the act valid in part and void in part although if all were allowed to stand it might seem to embrace more than one subject. It is generally conceded that this may be done, where the legislation upon one subject is void because not sufficiently indicated in the title. I see no good reason why the same may not be done when the legislation upon one subject is void for any other constitutional reason, provided, and this is a qualification of general application, that that which is left is complete in itself, capable of being executed, and not so interwoven with and dependent on the unconstitutional provisions as irresistibly to lead to the conclusion that if all could not be carried into effect none would have received legislative action. But we have discussed the general question as to the authority of the courts to recognize the validity of part of an act containing more than one subject as far as, perhaps farther than, is necessary. For, as the learned judge of the court below has clearly pointed out, there is nothing in the ordinance which is not embraced in the title, or which does not relate and is not cognate to the annexation of the borough to the city. It does not come within the mischief to be prevented

by the constitutional or statutory provisions under considera-
tion. This, we think, would be conceded if the councils had
power in any form to enact the provision designating the num-
bers by which the wards into which the annexed territory had
been subdivided should thereafter be known. But, notwith-
standing the very ingenious and plausible argument of the
appellant's counsel we are unable to conclude that the ques-
tion whether the ordinance conflicts with sec. 2, art. 14, of the
act of 1889, can be made to turn upon the decision as to the
power of the councils to enact the particular provision referred
to. The councils may have exceeded their powers in this par-
ticular, but in determining whether the ordinance contains
two distinct and unrelated subjects and is therefore void the
ordinary tests must be applied. Following the decisions con-
struing the constitutional provision we concur with the court
below in holding that the objection that the ordinance con-
tains two subjects and is therefore void cannot be sustained.

5. It is claimed that the mayor had power to veto the ordi-
nance and exercised it. The preliminary question is one of
fact. Did the mayor return the ordinance with his objections
to the branch of councils wherein it originated within fifteen
days from the date of its presentation to him? (Sec. 7, art. 6,
of the act of 1889, p. 277.) The limits of our jurisdiction to
inquire into this matter of fact are much narrower than those
of the quarter sessions. The case came into this court by
what is called an appeal, but as has been pointed out in numer-
ous decisions of the Supreme Court, which have been followed
by this court, the Act of May 9, 1889, P. L. 158 providing
that all appellate proceedings in the Supreme Court theretofore
taken by writ of error, appeal or certiorari should thereafter
be taken in a proceeding called an appeal, does not extend
the right of review or change its extent in cases already pro-
vided for or modify in any manner its exercise. Nor was any
change in these particulars wrought by the Act of June 24,
1895, P. L. 212, creating the Superior Court. This court has
the same appellate jurisdiction that the Supreme Court had in
the classes of cases enumerated in the act of 1895, and no
greater, and it is to be exercised in precisely the same way.
Prior to these acts the general rule was, that whenever a new
jurisdiction was created by statute and the court or judge ex-

ercising it proceeded in a summary method, or in a new course different from the common law, a certiorari would lie: Commissioners' Appeal, 57 Pa. 452. This was a proceeding of that nature, hence our jurisdiction on appeal from the decree in question is that which the Supreme Court had on certiorari. It is limited to a review of the proceedings of the quarter sessions, for the purpose of determining the extent and limits of its power and the regularity of its exercise. These questions are to be determined by an inspection of the record, for that is all that the writ of certiorari brings up. The evidence given on the hearing, whether consisting of ex parte affidavits or the sworn testimony of witnesses duly examined, was for the information of the court that had exclusive and final jurisdiction to decide disputed questions of fact, but is not before us for the purpose of enabling us to determine whether the quarter sessions decided them correctly, for that is beyond our jurisdiction. This is too well settled to require the citation of authority, but it needs to be emphasized in order to prevent misconstruction of the scope of our ruling.

From the petition and accompanying extracts from the minutes of the common council duly certified it appears that the ordinance originated in that body and was passed finally on October 19; that the mayor issued a call for a special meeting on November 3, "to consider mayor's message and other general business;" that the clerk and four members of the common council met at the time appointed, but, less than a quorum being present, the meeting adjourned without the transaction of any business, and so far as the minutes show, the presentation of any message from the mayor. The next meeting was on November 9, when, according to the minutes, the following occurred:

"The Mayor having returned, without his approval, Special Ordinance No.      entitled, An Ordinance Annexing the Borough of Morrellville to the city of Johnstown, and Designating the Several Wards of the Same. President Peden stated and ruled as follows: 'The Ordinance Annexing the Borough of Morrellville to the city of Johnstown and Designating the Several Wards of the Same,' having been passed finally on Oct. 19, 1897, and presented to the Mayor on Oct. 20, 1897, and being by him returned to Common Council with his objections on

Nov. 9, 1897, I declare that not having been returned to the council in which it originated within the fifteen (15) days allowed by law no further action is necessary thereon.   No appeal was taken from the ruling of the chair."

Was the return of the ordinance on November 9, with the mayor's objections, such compliance with sect. 7, art. 6 of the act of 1889, as made further action of the councils necessary? We think not.   The fact that there will be no regular meeting of the council within fifteen days after the presentation of an ordinance to the mayor does not affect the decision of the question.   He may call a special meeting of council for the purpose of reconsidering an ordinance which he refuses to approve. Thus, as was said in a case construing a similar provision of the act of 1874, there is no necessity for an extension beyond the period of fifteen days by judicial implication or construction of the statute : Penna. Globe Gas-light Co. v. Scranton, 97 Pa. 538.   We agree with appellant's counsel that a majority of the members of council cannot effectually prevent the mayor from exercising his veto power by neglect or refusal to attend the special meeting thus called.   If, therefore, as he asserted in the court below the ordinance with his message vetoing the same directed to the common council was delivered unto the possession of its clerk at the special meeting on November 3, and the attention of the members present was called thereto, he did all that was possible for him to do ; and when the mayor has done his full duty the statute is not to receive a construction that will make it possible for a recalcitrant majority of the council to nullify his veto by a bare refusal to do theirs.   But was the ordinance returned on November 3, in the manner above described to the body in which it originated?   Presumptively not, if the minutes of that meeting are to be taken as evidence of what occurred.   We agree, however, that they are not conclusive.   Proof that the veto message was presented would not necessarily contradict the minutes of that meeting ; it would only supply an omission.   See School Directors v. Mc-Bride, 22 Pa. 215, Furniture Co. v. School Dist., 158 Pa. 35, Roland v. School Dist., 161 Pa. 102, and Traction Co. v. Canal Co., 1 Pa. Superior Ct. 409.   But being the subject of extraneous proof, it was the exclusive province of the court below to decide whether the evidence adduced on the hearing established

the fact or not and, as we have already suggested, its decision is not reviewable here. Taking this view of the case it is unnecessary to discuss the question as to the power of the mayor to veto such an ordinance.

6. If we are correct in the foregoing conclusions, the annexation of the borough to the city was an accomplished fact, and the court had jurisdiction to make a decree giving the people proper representation in the different branches of the city government. The act provides that this may be done " by including said territory within the limits of an adjacent ward or wards, or by creating a new ward thereof." It is argued that these methods are exclusive, and, for the present it may be conceded that they are so where the territory is not already subdivided. It is to be borne in mind, however, that this territory had been subdivided into wards by appropriate proceedings, and, presumably, for good reasons, which, so far as we know, may still exist notwithstanding the inclusion of the territory within the city limits. Therefore, the question is, not whether the court could create more than one ward out of the annexed territory, but whether the annexation, ipso facto, obliterated the wards already created, and for purposes of representation left the annexed territory as if they had never existed. If that was the effect of annexation, it would require too great straining of the language of the act to hold that the court had power to re-establish the wards. But in the absence of a clear legislative intent to destroy the existing subdivisions of the territory, the general power to make such decree as would give the people proper representation would include the power to recognize the existing wards in making such decree. In this view the particular provision above quoted might properly be construed to apply to cases, where, without such action, there would be no mode of giving the people proper representation, but not to control the discretion of the court in cases like the present, where it would be unnecessary. It must be confessed however that the question is not free from difficulty, but our opinion is that this is the true construction of the act, and therefore, that the court did not exceed its powers in decreeing representation by wards.

The maxim expressio unius est exclusio alterius is always to be applied with caution in the construction of statutes, and

in general it may be said that if there is some special reason for mentioning one thing in a statute and none for mentioning another the expression of the former will not be an exclusion of the other.

7. It is argued, that the act of 1889 governing cities of the third class does not recognize the school district as a branch of the city government; nor are school directors ward officers within the meaning of the section authorizing a special election, and in support of this argument the case of Chalfant v. Edwards, 173 Pa. 246, is cited. But assuming this to be true, what standing has the mayor to bring up for review a decree ordering an election of school directors? Clearly none. As well might the president of the school board appeal from the decree ordering an election of councilmen. Nor as a private citizen can the mayor attack the election of school controllers in the collateral way. He certainly could not by mandamus or quo warranto because he alleges no injury peculiar to himself. The election having been held, the matter affects all the people of the school district and the proceeding to investigate it must be instituted by some person having a special interest different from that of every member of the general public or by the officer authorized to intervene in the name of the commonwealth.

Finding no error in the record of which the appellant has a right to complain, the assignments of error are overruled, and the proceedings are affirmed.