City of Erie, to use of V. D. Eichenlaub, *v.* a Piece of Land fronting on Eleventh Street, and Louis Bier, owner or reputed owner, Appellant.

*Municipal law—Return of ordinance to councils—Veto by mayor.*

Where an ordinance or resolution of councils under the Act of May 23, 1889, P. L. 288, is not returned by the mayor within fifteen days from the date of its presentation to him, with his veto, it becomes a law as fully and effectually as if approved by him. The mere deposit of the resolution or ordinance with the clerk of councils is not a returning it to councils within the meaning of the act.

*Appeals—Paper-books—Inference where an ordinance is not printed with the evidence.*

On appeal where the evidence indicates that an ordinance, regulating the manner of bidding upon municipal contracts, had been enacted but the ordinance is not printed in the evidence, the appellate court must assume that all the provisions of the ordinance were observed.

*Award of municipal contract—Lowest responsible bidder—Discretion of municipal officers.*

An enactment directing the award of contracts to the lowest responsible bidder does not require the municipality to award the contract to the lowest bidder but it may take into consideration the judgment, skill and promptness of the several bidders. Discretion is vested in the officer whose duty it is to award the contract and this discretion if exercised in good faith will be sustained.

*Presumption as to directory provisions of an ordinance.*

Where jurisdiction is proved or admitted as vested in municipal councils then the presumption is that all merely directory provisions of the law have been substantially followed.

*Municipal liens—Contract duly awarded is conclusive of value of the work.*

When a contractor deals in good faith with municipal authorities who have jurisdiction to make the contract, which is duly awarded to him, and does the work which he has undertaken as required by his contract, the contract price is conclusive as to the value of the work.

Argued Nov. 21, 1898. Appeal, No. 18, April T., 1899, by defendant, from judgment of C. P. Erie Co., May T., 1896, No. 46, on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Sci. fa. sur municipal lien. Before WALLING, P. J.

The facts sufficiently appear in the opinion of the court.

The defendant presented among others the following points, which were refused by the court below:

[1. If the jury find from the evidence that the mayor of the city of Erie did not approve the concurrent resolutions of the councils (submitted to him October 6, 1893, and returned October 17, 1893), declaring the purpose of the city of Erie to order Eleventh street, between Cherry and Liberty streets, to be paved at the expense of the abutting property, the verdict should be for the defendant.] [1]

[3. The 6th section of article 4 of the Act of May 23, 1889, P. L. 283, governing cities of the third class, provides for competitive bidding and requires that contracts (for paving, etc.), be given to the lowest responsible bidder, and if the jury find from the evidence that the contract in this case was not let to the plaintiff upon his bid of $2.43 per square yard, but was let at another price in pursuance of an agreement between the plaintiff, V. D. Eichenlaub, and the street committee of the councils of the city of Erie, or any members thereof at another and a different price, the contract is void and the plaintiff cannot recover.] [2]

[4. If the jury find from the evidence that the plaintiff, V. D. Eichenlaub, was not the lowest bidder he cannot recover in this action and the verdict must be for the defendant.] [3]

[5. Under all the evidence in this case the plaintiff, V. D. Eichenlaub, cannot recover and the verdict must be for the defendant.] [4]

The court directed a verdict for plaintiff. Verdict and judgment for plaintiff for $191.60. Defendant appealed.

*Errors assigned* among others were (1–4) refusing defendant's first, third, fourth and fifth points, respectively, reciting same. (5) To the charge to the jury in instructing them to enter a verdict for plaintiff for the original amount of the lien and interest thereon.

*Clark Olds*, with him *C. L. Baker*, for appellant.—We contend that the proceedings of the councils, so far as they attempt to bind the property of the defendant, are defective, for the reason that the concurrent resolution was not approved by the mayor, his approval being an act required by the statute, without which they could not acquire jurisdiction.

The learned court below decided this point upon the language of section 7, article 6 of the same act, P. L. 1889, p. 296, and the decisions of the Supreme Court in Gaslight Company v. Scranton, 97 Pa. 538, and Allentown v. Grim, 109 Pa. 113.

We do not think the above section of the act, or the above cases, have any bearing upon the case at bar.

We deny the right of the plaintiff to recover, for the reason that the contract was not awarded to the lowest responsible bidder, as required by statute : Mazet v. Pittsburg, 137 Pa. 548.

In this case the contract was not awarded to the lowest responsible bidder ; neither was it awarded to the plaintiff in pursuance of the advertisement and the bids received thereon, but was awarded to him at a different price than his bid by a special arrangement made with the street committee of the councils, and the contractor at the Liebel House in the city of Erie, at a different time than as advertised, in which no one but the contractor and his friends participated. We contend that there was both corruption and bad faith and believe that the evidence bears us out in the statement.

*Joseph M. Force*, with him *Henry A. Clark*, for appellee.— There are but two points raised by appellant in this case, (1) that the concurrent resolution of councils, declaring their intention to pave the street in controversy was not approved by the mayor, by having his signature attached thereto, and (2) that the

contract was not awarded to the lowest responsible bidder: Clause 10, sec. 2, art. 5 of the Act of May 23, 1889, P. L. 277.

The concurrent resolution of councils above referred to is certainly a "legislative act of councils" and clearly comes within the provisions of section 7, article 6.

The mayor had power to call council in special session on twenty-four hours' notice, had he disapproved of this ordinance.

Failing to return this resolution to the branch of councils in which it originated within fifteen days from the date of its presentation to him, it became operative with the same force and effect as if he had formally approved the same: Gaslight Co. v. Scranton, 97 Pa. 538; Allentown v. Grim, 109 Pa. 113.

The only other point raised in this appeal is that "the contract was not awarded to the lowest responsible bidder, as required by statute."

It seems unnecessary to cite authority on the proposition that in the absence of corruption or bad faith, neither of which is alleged here, councils are not obliged to award the contract to the lowest bidder. This has been repeatedly held by the Supreme Court of this state: Com. v. Mitchell, 82 Pa. 343; Findley v. Pittsburg, 82 Pa. 351; Douglass v. Com., 108 Pa. 559; Paving Company v. Philadelphia, 164 Pa. 477.

Besides, when the work is done by the contractor and accepted by the city an abutting property owner cannot defend on the ground that the contract was illegally let without showing special injury to himself: Hutchinson v. Pittsburg, 72 Pa. 320; Philadelphia v. Brooke, 81 Pa. 23; Brientnall v. Philadelphia, 103 Pa. 156; Pittsburg v. MacConnell, 130 Pa. 463; Erie v. Moody, 171 Pa. 610.

Appellant not having printed the evidence in his paper-book this court will not inquire into the finding of facts of the court below and his answers to the points submitted, based upon the evidence in the case, will be taken as correct: Solts's Appeal, 4 W. N. C. 298; Brindle v. Brindle, 50 Pa. 387; Greenhoe v. College, 144 Pa. 131; Ferry Co. v. Bridge Co., 1 Pa. Superior Ct. 587

OPINION BY W. D. PORTER, J., May 15, 1899:

A concurrent resolution was passed, by a vote of two thirds of all the members elected to each branch of councils of the

city of Erie, declaring the purpose of the city to order Eleventh street to be paved at the expense of the abutting property. The resolution was duly certified and submitted to the mayor, on October 6, 1893, and was by him returned, on October 17, 1893, to the clerk of common council, the branch in which the resolution originated, without indicating whether he approved or disapproved the legislation. The council was not then in session and there was no session held, nor was any called, until October 30, 1893. Councils acted upon the assumption that the failure of the mayor to return the resolution to councils within fifteen days was equivalent to his approval and, subsequently, duly passed an ordinance directing the pavement to be laid. The regularity of the concurrent resolution is called in question by the first assignment of error. It is contended by appellant that, under the provisions of article 5, section 3, clause 10 of the Act of May 23, 1889, P. L. 277, the approval of the concurrent resolution by the mayor must be direct and absolute, before an ordinance can be passed imposing upon abutting property the costs of paving for which there has been no petition. The clause in question does provide that such concurrent resolution shall be passed, by a two-thirds vote of all the members elected to each branch of councils, and approved by the mayor. The legislative purpose indicated by this clause was to avoid hasty action in the imposition of a burden upon abutting property without the consent of the owners. The concurrent resolution must first be passed by a two-thirds vote and be approved by the mayor; the owners of property then have sixty days within which to agree in writing upon a kind of pavement to be laid which agreement shall be submitted to the mayor for approval; if he approves councils may by a two-thirds vote order such pavement to be laid; if the majority of owners do not agree or the mayor does not approve their agreement, councils may by a two-thirds vote determine the kind of pavement and order it to be laid. The concurrent resolution must be a complete legislative act and pass the scrutiny of the mayor before any further step is taken; but there is nothing in the act which indicates that such a resolution is to be submitted for the approval of the mayor in a manner, or that his approval is to be evidenced in a way, different from that which appertains to any other resolution or ordinance. The power to approve or dis-

approve resolutions is one of those conferred upon the mayor by the act, and as the act provides a manner in which the power is to be exercised, he would be bound by its terms in the absence of a specific legislative mandate; but we are not left to rules of construction in this statute, for section 2 of article 5 expressly enacts, that " the power hereby granted shall be exercised by the mayor and councils of such cities in the manner herein provided."

The manner in which resolutions or ordinances are to be approved or disapproved by the mayor is determined by section 7, article 6 of the act. " Every legislative act of the councils shall be by resolution or ordinance, and every ordinance or resolution which shall have passed both branches shall be presented, duly certified, to the mayor for approval. If he approves he shall sign the same, but if he shall not approve, he shall return it, with his objections, to the branch of council wherein it originated, which shall thereupon proceed to reconsider it. . . . Every ordinance or resolution which the mayor shall not return within fifteen days from the date of its presentation to him, as aforesaid, shall become a law as fully and effectively as if he had approved the same." This section applies wherever a resolution or an ordinance requires the approval of the mayor.

When a concurrent resolution declaring the purpose of a city of the third class to order a street to be paved at the expense of the abutting property, without a petition of the owners, has passed each branch of councils by the requisite vote, it must be certified and presented to the mayor for approval; if he does not return it disapproved within fifteen days it becomes a law, with like effect as if he had approved and signed the resolution. There is no conflict between article 5, section 3, clause 10, and article 6, section 7 of the act of May 23, 1889 · the first requires that the concurrent resolution be approved by the mayor and the second determines what action of the mayor shall constitute a legal approval. In the present case the mere deposit of the resolution by the mayor with the clerk was not a returning it to councils within the meaning of the act. If the mayor had desired to veto the resolution his only course, to accomplish that result, was to call a special session of the council in which the resolution originated, and return the resolution, with his objections, to that body : Morrellville Borough Annexation, 7

Pa. Superior Ct. 532. This was so decided under the 29th section of the Act of May 23, 1874, P. L. 230, in which the language used was similar to that now under consideration: The Pennsylvania Globe Gaslight Company v. City of Scranton, 97 Pa. 538; City of Allentown v. Grim, 109 Pa. 113. The first assignment of error must be dismissed.

All the remaining assignments of error relate to the refusal of the court below to submit to the jury certain questions touching the regularity of the contract for the paving, entered into between the city and the use plaintiff. It clearly appears that all the preliminary steps, the passing of an ordinance directing the paving to be done, the preparation of specifications and the advertisement for bids, down to the actual letting of the contract, had been regularly taken. There was, therefore, no such lack of jurisdiction to make a contract as has been held fatal to a claim for benefits, resulting from a public improvement, in that line of cases of which Fell v. Philadelphia, 81 Pa. 58, is a leading example. Nor was there any want of proper certification by a municipal officer to make the contract of binding force, as was the case in Erie v. Moody, 176 Pa. 478. The only allegation of irregularity in the letting of the contract is that it was not awarded to the lowest responsible bidder, as required by statute. The legislation which applies is contained in section 6, article 4 of the Act of May 23, 1889, P. L. 277, "All other kinds of work to be done for the city, except ordinary repairs of highways, shall be performed under contract to be given to the lowest responsible bidder, under such regulations as shall be prescribed by ordinance." The evidence indicates that an ordinance, regulating the manner of bidding upon contracts, had been enacted, but the ordinance is not printed in the evidence, and in its absence we must assume that its provisions were observed. There was no violation of the act of assembly, for the contract was let at the lowest rate mentioned in any bid received, and the responsibility of the bidder was exclusively for the determination of councils. The direction of the statute, that contracts be awarded to the lowest responsible bidder, does not require the municipality to award the contract to the lowest bidder who is able pecuniarily to carry out his contract, but it may also take into consideration the judgment, skill and promptness of the several bidders. It vests

in the officer whose duty it is to award the contract a discretion, and if, in the exercise of that discretion, he in good faith awards the contract to another than the lowest bidder the contract will be sustained: Reuting v. Titusville, 175 Pa. 512; Paving Co. v. Philadelphia, 164 Pa. 477; Pavement Co. v. Wagner, 139 Pa. 623; Douglass v. Commonwealth, 108 Pa. 559. There was in this case no evidence of fraud or bad faith, and the contract would have been sustained even if it had been attacked by an owner of abutting property before the work was done: Commonwealth v. Mitchell, 82 Pa. 343; Findley v. Pittsburg, 82 Pa. 351. If the provisions of the ordinance regulating the manner of bidding upon the work had not been complied with, and a property owner or rival bidder had sought to restrain the execution of the contract, a case might have been presented which would have warranted the issuing of an injunction: Mazet v. Pittsburg, 137 Pa. 548. But every prerequisite to the letting of a contract had been gone through with, and the municipal authorities had jurisdiction to contract for the paving in question, and in the selection of the lowest responsible bidder they were by the law vested with a discretion, which they are presumed to have exercised in good faith. Where jurisdiction is proved or admitted, then the presumption is that all mere directory provisions of the law have been substantially followed: Fowler v. Jenkins, 28 Pa. 176; Pittsburg v. Walter, 69 Pa. 365; Fell v. Philadelphia, 81 Pa. 58. There is no suggestion of bad faith in awarding the contract and, if there were irregularities in the details of the manner of bidding, the city having accepted the work, it is not competent for the defendant to raise questions between the city and its contractor, touching such irregularities: Brientnall v. Philadelphia, 103 Pa. 156; Philadelphia v. Grogas, 180 Pa. 296. The contract in this case was undoubtedly valid.

The contractor having completed the work, liens were filed, in the name of the city to his use, against the lot of defendant among others. Under the contract there was no liability upon the part of the city, the contractor having agreed to accept an assignment of the liens in payment for the work. The present case is a scire facias sur municipal lien against lot of defendant abutting upon the improvement. The real plaintiff is not the city but the contractor, this being the case, the defendant was

not precluded from making defense upon the character of the work done because he was not a nominal party to the contract. If the work was done substantially as contracted for, but was defective in some minor particulars, the property owner would be entitled to a deduction from the contract price in the amount that the defects lessened the value of the pavement: Pepper v. Philadelphia, 114 Pa. 96; Erie v. Butler, 120 Pa. 374. But, even ,where the contract is fraudulently let and not to the lowest responsible bidder, and the work is defectively done a property owner must show special injury to himself, it is not sufficient to assert that the work was let at too high a price, without showing what would be a fair price: Pittsburgh v. Mac-Connell, 130 Pa. 463.

The Act of May 23, 1889, P. L. 277, entitled "An act providing for the incorporation and government of cities of the third class," vests the municipal authorities with jurisdiction to make contracts of the character of that under consideration, and requires that a contract shall be made before the work is done. In making the contract the municipal authorities are in a certain sense the agents of the property owners. All the requirements of the acts of assembly and the ordinances of the cities amount to nothing, if it be held that, when the provisions of such acts and ordinances, relating to the letting and execution of contracts, have been strictly complied with, a property owner in defending against an assessment may open up the question of the value of the entire work as fixed by the contract, without producing evidence indicating bad faith in the letting of the contract or defects in the performance of the work which the contract required. The purpose of requiring a contract to be made before the work is done, and of hedging about with conditions the manner in which the contract is awarded is that the work may be done by the lowest responsible bidder and that the municipal authorities and all parties interested may know in advance the probable cost of the improvement. When a contractor deals in good faith with municipal authorities who have jurisdiction to make the contract, which is awarded to him, without fraud, in accordance with the provisions of the acts of assembly and ordinances of the city, and does the work which he has undertaken as required by his contract, he is entitled to receive as the wages of his labor the amount agreed upon, as required by law, before the work was done.

In the present case the appellant waited until the work was finished without taking steps to challenge the validity of the contract, and now seeks to escape payment of any part of his share of the benefits resulting from the improvement, upon the allegation that there were irregularities in the manner of receiving bids. Our Supreme Court said, in Pittsburgh v. MacConnell, supra: "It is not safe to lie by under such circumstances until the owner's property has received all the benefit of the improvement, and then attempt to escape all share of the burden." There was no evidence that the contract price was too high, nor as to what a fair price would have been; the amount of appellant's frontage upon the street was not disputed and there was no suggestion that the contract had not been fully performed. All the assignments of error are dismissed.

Judgment affirmed.