## Erie, Appellant, *v.* Parade Street Market Company.

*Municipalities—Cities of the third class—Ordinance—Disapproval by mayor.*

Under sec. 7 of art. 6 of the Act of May 23, 1889, P. L. 277, regulating the legislative power of cities of the third class, an ordinance is not effective, if it is returned by the mayor to the branch of the council in which it originated, within fifteen days, without his approval, and no further act is taken on the ordinance by councils. In such a case it is immaterial that the mayor does not state his objections.

Argued April 13, 1908. Appeal, No. 166, April T., 1908, by plaintiff, from judgment of C. P. Erie Co., May T., 1905, No. 134, on case tried by court without a jury in suit of City of Erie v. Parade Street Market Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit to recover a license tax.

The opinion of the Superior Court states the case.

The case was tried by WALLING, P. J., without a jury, and judgment was entered for defendant.

*Error assigned* was in entering judgment for defendant.

*Charles P. Hewes,* for appellant.—We contend that the mayor could only prevent the ordinance becoming a law by returning it to councils with his objections. Any other action on his part would not prevent the ordinance becoming effective: Penna. Globe Gaslight Co. v. Scranton, 97 Pa. 538; Erie v. Bier, 10 Pa. Superior Ct. 381; Com. v. Fitler, 136 Pa. 129; Kittinger v. Buffalo Traction Co., 160 N. Y. 377 (54 N. E. Repr. 1081); Harpending v. Haight, 39 Cal. 189; United Tel. & Tel. Co. v. Collegeville Boro., 11 Pa. Dist. Rep. 755; Booth v. Mayor, etc., of Bayonne, 28 Atl. Repr. 381; McGraw v. Whitson, 69 Iowa, 348; Brown v. Lutz, 54 N. W. Repr. 860.

*Henry E. Fish,* with him *Frank Gunnison* and *John S. Rilling,* for appellee.—The mayor is an integral part of the law

VOL. XXXVII—29

making power of the city. In acting upon an ordinance, his power is legislative, not executive, and the questions presented to his mind are precisely the same as those which the two branches of the council must determine in passing the ordinance. He becomes a third branch of the council, whose approval is ordinarily requisite to the success of any measure proposed by the other two: Commonwealth v. Barnett, 199 Pa. 161.

It has been held that the requirement that the ordinance must be returned to the branch of councils in which it originated, is merely directory, and that a return to either branch of the council in session is good: Commonwealth v. Fitler, 136 Pa. 129.

OPINION BY PORTER, J., August 00, 1908:

The city of Erie brought this action of assumpsit to recover the sum of $600, being license taxes covering a period of six years, under an alleged ordinance of the city imposing an annual license tax, of $100, on market companies doing business in the city. The ordinance in question was passed by the select council of the city on March 26, 1896, by the common council on March 30, 1896, and was duly certified and submitted to the mayor of the city for approval on March 31, 1896. The term of office of the mayor expired at noon on April 6, 1896, and about ten o'clock A. M. of that day he returned the ordinance, without having approved it, to the branch of said council in which it had originated, which was in session at the time the ordinance was so returned. When the ordinance was thus returned to councils by the mayor without his approval, it was not accompanied by any statement of his objections to the same. No further action was taken on said ordinance by councils, nor did the city attempt to collect any tax under it until April, 1905, when this action was brought against the defendant company. The defendant resisted payment upon the ground that the mayor had returned the ordinance to city councils without his approval, within fifteen days after it had been submitted for his approval, and that the councils had failed to take such action as would make the ordinance effectual without the approval of the mayor. The parties agreed to sub-

mit the case to the judge of the court below without the intervention of a jury, and the learned judge entered judgment in favor of the defendant. The city appeals.

The Act of May 23, 1889, section 7 of article 6, P. L. 277, regulating the legislative power of cities of the third class, is as follows: "Every legislative act of the councils shall be by resolution or ordinance, and every ordinance or resolution which shall have passed both branches shall be presented, duly certified, to the mayor for his approval. If he approves, he shall sign the same, but if he shall not approve, he shall return it, with his objections, to the branch of councils wherein it originated, which shall thereupon proceed to reconsider it. If, upon such reconsideration two-thirds of the members elected to each branch shall pass the said ordinance or resolution it shall become effective as though the mayor had signed the same. . . . Every ordinance or resolution which the mayor shall not return within fifteen days from the date of its presentation to him, as aforesaid, shall become a law as fully and effectively as if he had approved the same." This statute makes the mayor an integral part of the law-making power of the city. No ordinance can become a law without first being submitted to him for his approval: Commonwealth v. Barnett, 199 Pa. 161. His approval of an ordinance must be indicated by his signing it. When an ordinance is not so approved by the mayor there are but two ways in which it can become effective as a law without that approval. (1) When an ordinance which has not been approved by the mayor is by him, within fifteen days, returned to the branch of councils in which it originated and councils upon reconsideration thereof pass it by a two-third vote of the members elected to each branch; and (2) When the mayor does not return the ordinance within fifteen days from the date of its presentation to him, duly certified, to the branch of councils wherein it originated. When the mayor fails to return the ordinance to councils, within the fifteen days fixed by the statute, it shall have the same force as if approved: Pennsylvania Globe Gas Light Company v. City of Scranton, 97 Pa. 538; City of Allentown v. Grim, 109 Pa. 113; Morrellville Borough's Annexation, 7 Pa. Superior Ct. 532; Erie v. Bier, 10

Pa. Superior Ct. 381. The pertinent inquiries with regard to the validity of an ordinance, so far as the action of the mayor is concerned, are, did he approve the ordinance, or did he fail to return it to councils within fifteen days after it was submitted for his approval. When the mayor does not approve an ordinance, the one matter in which the public are concerned, and the neglect of which might impair the public interest, is the return of the ordinance to councils within the fifteen days; all the rest is unimportant detail: Commonwealth ex rel. v. Fitler, 136 Pa. 129. We find in the second sentence of the section of the statute above quoted, referring to the return of an ordinance by the mayor without his approval, this language, "he shall return it, with his objections, to the branch of councils wherein it originated, which shall thereupon proceed to reconsider it." The clause, "with his objections," is merely permissive and contemplates giving the mayor an opportunity to state his reasons for his official action. The vital thing is the return of the ordinance, by the mayor, to the councils, without his approval, in the manner required by the statute. When the mayor returns an ordinance to councils without his approval, his failure to state his reasons for so doing does not nullify his official action in returning the ordinance. The words "with his objections" do not appear in that sentence of the statute which makes an ordinance effective because of the failure of the mayor to return it within fifteen days. That sentence is in these words, viz.: "Every ordinance or resolution which the mayor shall not return within fifteen days from the date of its presentation to him, as aforesaid, shall become a law as fully and effectively as if he had approved the same." This sentence means that if the mayor shall not within fifteen days from the date of its presentation to him, as aforesaid, that is when passed by both branches of councils and duly certified, return the ordinance to the branch of councils wherein it originated, the ordinance shall become a law. In view of these provisions we are convinced that there was no error in the conclusion at which the learned judge of the court below arrived. The ordinance was not approved by the mayor, it was by him returned to the branch of councils wherein it originated, without his

approval, on the sixth day after it had been presented to him; and the councils did not upon the return of the ordinance by the mayor, without his approval, proceed to reconsider it and pass it by a vote of two-thirds of the members elected to each branch. There is no necessity for the return to councils of an ordinance which the mayor has approved, the section of the statute following that herein above quoted provides that: "All ordinances shall, unless otherwise provided therein, take effect immediately upon their approval by the mayor."

The judgment is affirmed.

HENDERSON, J., concurring:

I concur in the judgment in this case for the reason that the ordinance was neither approved by the mayor nor returned to the branch of councils in which it originated with his objections thereto, nor was it retained by him for more than fifteen days without action.

I do not find anything in the facts presented, however, which leads me to conclude that the return of the ordinance by the mayor was intended to be or was in fact a veto of it. The act implies, if it does not expressly state, that the mayor shall notify the council when he returns an ordinance without his signature that he disapproves it. It may be that the requirement that he state his objections thereto is directory and that he need not set forth his reasons, but it is reasonable that he be required to indicate his action and this the statute seems to demand.

In the view entertained by the majority of the court the councils might have passed the ordinance as if returned with objections, but the evidence does not in my opinion warrant such a conclusion. It shows, rather, that the mayor omitted to approve or disapprove and returned the ordinance in six days because his term had expired.

RICE, P. J., also concurs.